MAURICE HELOU, SR., et al., Respondents, v. NATIONWIDE MUTUAL INSURANCE Co., Appellant, and PHOENIX ASSURANCE COMPANY OF NEW YORK, Respondent, et al., Defendants.

Third Department, March 30, 1966.

*Hesson, Ford & Grogan (Edward J. Grogan* of counsel), for appellant.

*Tepedino & Fisher (Richard E. Bolton* of counsel), for Maurice Helou, Sr., and another, respondents.

*Maynard, O'Connor & Smith (Michael E. Catalinotto* of counsel), for Phoenix Assurance Company of New York, respondent.

*Huberty, Bloomberg, Sgarlata & Smith* for Pauline Campanella, defendant.

HERLIHY, J. Two appeals are here involved. The first is by defendant Nationwide Mutual Insurance Company from an order granting the motion of the defendant, the Phoenix Assurance Company of New York, for summary judgment dismissing the plaintiffs' complaint against it. The second appeal is from a purported order embodying, or entered upon a decision awarding judgment to plaintiff, Maurice Helou, Jr., in an action for a declaratory judgment against the defendant Nationwide Mutual Insurance Company.

The action instituted by the plaintiffs was for a declaratory judgment, both insurance carriers denying liability.

On October 13, 1959, the Phoenix Assurance Company of New York issued an automobile liability policy to Maurice Helou, Sr. The policy was renewed annually through late 1962. On February 16, 1960, the policy was endorsed with an exclusion, signed by plaintiffs, providing that the policy's coverage " shall not apply while any automobile covered hereunder is operated by Maurice B. Helou, Jr., son." The policy also contained a provision that: " When the policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it

would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.''

An affidavit of the casualty manager of Phoenix indicates that the policy was not certified as proof of financial responsibility under the Financial Responsibility Law of Florida.

On March 6, 1961, Maurice Helou, Jr., was issued an automobile liability policy by Nationwide. This policy had an exclusion from coverage for the insured when operating another automobile owned by a member of the same household.

On July 11, 1962, Maurice Helou, Jr., was driving his father's automobile in Albany when he was involved in an accident. Phoenix denied coverage, contending that the exclusion clause as to operation by Maurice, Jr., was applicable. Nationwide also denied coverage, contending that Maurice, Jr., was operating an automobile owned by a member of the same household.

Following the joinder of issue, Phoenix moved for summary judgment, which was granted, dismissing the plaintiffs' complaint and from which decision the plaintiffs did not appeal and on this appeal Phoenix contends that Nationwide is not an '' aggrieved '' party under CPLR 5511.

In *Mason* v. *Allstate Ins. Co.* (12 A D 2d 138, 141) it was determined that one defendant insurer had no right to challenge a dismissal of plaintiff's complaint against a codefendant insurer. (See, also, *Schultz* v. *Alfred,* 11 A D 2d 266.)

In further support of this position, it has been stated: '' It was early established that the loss of an inchoate or potential right to contribution is not sufficient to confer standing to appeal; where the conditions of a matured right of contribution * * * did not exist, the defendant who alone remained liable was not aggrieved by the exoneration of his codefendant.'' (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5511.08, p. 55–60 *et seq.*)

It is apparent from the present record that no matured right to contribution as the result of a joint judgment has arisen between these defendants and therefore, Nationwide has not been '' aggrieved '' by the dismissal of the complaint against Phoenix and the granting of summary judgment was proper.

As to the contention of Nationwide that the plaintiffs were members of the same household and therefore excluded under the coverage of the insurance policy, the court concluded after a plenary trial that they were not members of the same household and that the exclusion did not apply and so found as a matter of fact and accordingly granted judgment.

The appeal from the order granting judgment in favor of the Phoenix Assurance Company should be dismissed.

The judgment in favor of Helou against Nationwide Mutual Insurance Company should be affirmed.

GIBSON, P. J., TAYLOR, AULISI and HAMM, JJ., concur.

Appeal from order granting judgment in favor of the Phoenix Assurance Company dismissed, with costs against Nationwide Mutual Insurance Company.

Judgment in favor of Helou against Nationwide Mutual Insurance Company affirmed, with costs.