■ RAYMOND J. SMITH, Respondent, v. PENNSYLVANIA GENERAL INSURANCE Co., Appellant.— Per Curiam. Appeal from an order of the Supreme Court, Ulster County, granting respondent's motion for summary judgment, denying appellant's motion for summary judgment and directing an assessment of damages to fix the respondent's award. Two of respondent's natural infant daughters were injured in an automobile accident while passengers in an automobile owned and operated by respondent's stepdaughter, Peggy Perry. Respondent seeks to recover for the injuries sustained by his infant daughters under the medical payment provisions of an "automobile combination family policy" issued to him by appellant. Respondent's recovery depends on whether Peggy Perry was a "relative" of respondent under the terms of the policy. The policy defines "relative" as "a relative of the named insured who is a resident of the same household." This definition, which restates the word itself, does not, of course, satisfactorily clarify the issue. While we recognize that doubtful construction of terms utilized in an insurance policy is resolved in the insured's favor and against the insurer (McGuinness v. MVAIC, 18 A D 2d 1100; Appleton v. Merchants Mut. Ins., 16 A D 2d 361, 363) and that the word "relative" as utilized in insurance policies has been construed either narrowly or broadly to provide coverage (McGuinness v. MVAIC, supra; Appleton v. Merchants Mut. Ins., supra; Indiana Mut. Ins. Co. v. Passalacqua, 30 Misc 2d 626, 629), in the final analysis the test is reasonability (Harris v. Allstate Ins. Co., 309 N. Y. 72, 76) — what meaning do the words convey as understood in their plain, popular and ordinary sense (Mansbacher v. Prudential Ins. Co., 273 N. Y. 140, 144) — and from the viewpoint of the average man (McGrail v. Equitable Life Assur. Soc., 292 N. Y. 419, 424; Tonkin v. California Ins. Co., 294 N. Y. 326, 329). When "relative" is considered along with the limiting phrase "resident of the same household", the policy intent to deny coverage to other cars readily available to covered persons within the same household is noted, and the close affinity, although not consanguinity, present in the stepdaughter-stepfather relationship is recognized, it is our opinion that Peggy Perry was a "relative" under the policy giving that term its plain, ordinary meaning as understood by the average man (Fidelity & Cas. Co. of N. Y. v. Jackson, 297 F. 2d 230). In any event, although the parties do not argue the point, we note that the term "named insured" means respondent "and also includes his spouse, if a resident of the same household". If respondent's wife does reside with him, then it would seem that her daughter Peggy Perry is a relative of a "named insured" and her automobile accordingly excluded. Order reversed, on the law and the facts, respondent's motion for summary judgment denied, and appellant's motion for summary judgment granted, without costs. Gibson, P. J., Herlihy, Staley, Jr., and Greenblott, JJ., concur in memorandum Per Curiam. Reynolds, J., concurs in the result.