PATRICIA HOLLANDER, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.

Fourth Department, January 13, 1978

### APPEARANCES OF COUNSEL

*Brennan, Centner, Palermo & Blauvelt (John Clapper* of counsel), for appellant.

*Woods, Oviatt, Gilman, Sturman & Clarke (Robert E. Ganz* of counsel), for respondents.

### OPINION OF THE COURT

DENMAN, J.

■ While operating a vehicle owned by her sister and insured by defendant, plaintiff was involved in a serious accident giving rise to extensive potential liability. Plaintiff's own automobile was also insured with defendant under a policy which provided excess coverage for operation of non-owned vehicles, provided that such other vehicle:

"(i) is not owned by * * * any member of the same household * * *

"(ii) is not furnished for regular use to * * * a member of the same household".

On the date of the accident, plaintiff was living at the home of her parents with her sister. Plaintiff obtained declaratory relief determining that the clause excluding coverage of non-owned vehicles when owned by a "member of the same household" did not apply in the circumstances presented here. We affirm that determination.

■ Preliminarily, defendant urges that commencement of this action was premature inasmuch as the policy in question provides excess coverage only and the liability actions pending against the plaintiff have not yet proceeded to judgment in excess of the primary coverage under her sister's policy. "[T]he policy in this State has been to deny the declaratory judgment where the matter in dispute can be determined in the basic negligence action but to permit the action when the dispute is such that it depends on matters outside of the negligence action or will not arise in the negligence action as a part of the lawsuit." *(Nationwide Mut. Ins. Co. v Dennis,* 14 AD2d 188, 189.) The matter in dispute here requires judicial

interpretation of an exclusionary provision which will not arise in the pending negligence actions. Furthermore, where resolution of the matter in dispute is determinative of the insurer's liability to its insured for potential judgments, declaratory relief is appropriate *(Aetna Cas. & Sur. Co. v Lauria,* 54 AD2d 183). This is true even where, as here, the insurance company is an excess liability insurer *(Post v Metropolitan Cas. Ins. Co.,* 227 App Div 156, affd 254 NY 541). Resolution of the disputed clause here should not await adjudication of the principal actions. (See *Prashker v United States Guar. Co.,* 1 NY2d 584; *Everlast Sporting Goods Mfg. Co. v Aetna Ins. Co.,* 23 AD2d 641.)

The disputed phrase, "member of the same household," is not defined in the policy but defendant relies on the facts that plaintiff had been living at her parents' home with her sister prior to the accident; that at the time of the accident she had not established a new residence; and that she indicated in a motor vehicle accident report and in a conversation with defendant's adjuster that her home address was that of her parents. Defendant argues that she was still a member of her sister's and parents' household when the accident occurred, and is thereby excluded from the excess coverage.

Physical presence in the home alone is insufficient to establish a residence, particularly where, as here, plaintiff had previously established other legal residences. *(Appleton v Merchants Mut. Ins. Co.,* 16 AD2d 361; *Allstate Ins. Co. v Jahrling,* 16 AD2d 501, app dsmd 12 NY2d 943.) The record indicates that, except for a period of a few months, plaintiff had not been a member of her parents' household for at least two years prior to the accident. While she stayed with her parents, she continually sought another apartment. A few days prior to the accident, she had signed a lease for an apartment and had obtained permission to move in earlier than the date provided in the lease. She had had telephone service installed in that apartment and, on the morning of the accident, paid her first month's rent, obtained the keys to the apartment and commenced moving. At the very time of the accident, she was engaged in moving her belongings to the new apartment. She was self-supporting at this time and received no money from her parents.

The question of whether a person is a member of the same household as another is a question of fact for the trier of the facts. *(Matter of Highsmith [MVAIC],* 31 AD2d 424; *Helou*

*v Nationwide Mut. Ins. Co.,* 25 AD2d 179, mot for lv to app den 17 NY2d 424.) On these facts it was certainly competent for the trial court to determine that plaintiff was not a member of her parents' household and had established a different legal residence. (See *Lumbermens Mut. Cas. Co. v Pulsifer,* 41 F Supp 249.)

■ Moreover, the rule of construction applied to ambiguous terms in insurance contracts strongly favors the insured. "Where an insurer attempts to limit liability by use of an ambiguously worded term which is subject to more than one reasonable construction, the courts will construe it strictly against the insurer *(Sperling v. Great Amer. Ind. Co.,* 7 NY2d 442, 447)." *(Matter of Country-Wide Ins. Co. v Wagoner,* 57 AD2d 498, 506.) (See, also, *Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356; *Greaves v Public Serv. Mut. Ins. Co.,* 5 NY2d 120.) This principle holds particularly true in cases where the ambiguity is in an exclusionary clause. *(Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386; *Sperling v Great Amer. Ind. Co., supra; Calkins v Merchants Mut. Ins. Co.,* 59 AD2d 1052 *American Fid. Fire Ins. Co. v Pardo,* 32 AD2d 536; *Smith v Pennsylvania Gen. Ins. Co.,* 32 AD2d 854, affd 27 NY2d 830.)

■ With regard to the second exclusionary clause, defendant argues that plaintiff's sister's car was "furnished for regular use" to plaintiff but this is not supported by the record. The evidence clearly establishes that plaintiff had used her sister's car only three times in the three-month period prior to the accident. Such use could only be considered occasional and thus would not fall within the exclusionary clause. *(Sperling v Great Amer. Ind. Co., supra; Lumbermens Mut. Cas. Co. v Pulsifer, supra; Vern v Merchants Mut. Cas. Co.,* 21 Misc 2d 51.)

The judgment should be affirmed.

MARSH, P. J., MOULE, DILLON and WITMER, JJ., concur.

Judgment unanimously affirmed, with costs.