■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v SCOTT KOWALSKI et al., Defendants, and RUTH VALENTIN et al., Appellants. [600 NYS2d 977] —Levine, J. Appeal from an order of the Supreme Court (Cobb, J.), entered September 5, 1992 in Columbia County, which, *inter alia,* granted plaintiff's cross motion for summary judgment and declared that plaintiff was not obligated to provide excess insurance coverage to defendant Scott Kowalski.

On September 30, 1990, defendant Scott Kowalski (hereinafter Scott), who is the son of Phyllis and John Kowalski (hereinafter the Kowalskis), was driving a vehicle owned by defendant Mary Beth Buckley, which was involved in an accident on the Taconic Parkway in Putnam County, resulting in personal injuries to the passengers. Following the accident, the passengers in the Buckley vehicle, defendants Joel DeJoy and Anthony Traficanti, and DeJoy's mother, defendant Ruth Valentin (hereinafter collectively referred to as defendants), instituted a personal injury negligence action against, among others, Scott. Buckley was insured by plaintiff under a personal automobile insurance policy in effect at the time of the accident which had a policy limit of $100,000. Plaintiff provided a defense to Scott and Buckley under Buckley's policy. Plaintiff also insured the Kowalskis under a similar policy (hereinafter the Kowalski policy) which had a $300,000 policy limit and provided liability insurance coverage, *inter alia,* for the insured Kowalskis and any "family member" for the use of any auto. "Family member" is defined in that policy as "a person who is related to you * * * who is *a resident of your household*" (emphasis supplied). Thus, the availability of coverage under that policy for Scott depends on whether he was a resident of his parents' household at the time of the accident.

In March 1992, plaintiff instituted this declaratory judgment action against Scott, Buckley and defendants seeking a declaration that Scott was not an insured under his parents' policy and that plaintiff therefore has no duty to defend or indemnify Scott under that policy. Thereafter, defendants moved for a trial preference, plaintiff cross-moved for summary judgment and defendants also moved for summary judgment. Supreme Court granted plaintiff's cross motion and

declared that plaintiff is not required to defend or indemnify Scott under the Kowalski policy, determining as a matter of law that Scott was not a resident of his parents' household and therefore not an insured under their policy at the time of the accident, and denied defendants' motion. Defendants now appeal.

The issue presented is whether, as a matter of law, Scott was not a "resident" of his parents' household and, therefore, not an insured under their policy at the time of the accident. Residency generally in this context requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain *(see, Allstate Ins. Co. v Chia-I Lung,* 131 Misc 2d 586; *see also, Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 383, *lv denied* 44 NY2d 646; *Appleton v Merchants Mut. Ins. Co.,* 16 AD2d 361; 7 Am Jur 2d, Automobile Insurance, § 189; *see generally,* 77 CJS, Reside, at 285 *et seq.).* Plaintiff contends that the issue was properly resolved as a matter of law by Supreme Court, and defendants contend that the evidence raises a question of fact on the issue precluding the award of summary judgment.

The undisputed proof was that, at the time of the accident (September 30, 1990), Scott was 17 years old and was staying with his parents. However, sometime after he turned 16 in January 1989, he dropped out of high school and moved into a trailer with Buckley, his girlfriend. Defendants concede that Scott resided with Buckley for the next 1 to 1½ years, but argue that he reestablished residency with his parents shortly before the accident. There was strong evidence that supported Supreme Court's conclusion that Scott's return to his parents' home was merely temporary and that he never intended to abandon his residence with Buckley. However, there was other evidence which could reasonably support the opposite conclusion. Thus, in a handwritten statement (signed by Scott and his mother) after the accident, Scott stated that he resided with his parents at their address. The police accident report set forth Scott's address as that of his parents and it is inferable that the information came from him. Moreover, he continued to receive mail at his parents' address, his driver's license listed that address and he designated that address on his income tax returns filed in 1990, although the probative value of this evidence is somewhat weakened by the fact that he used his parents' address for those purposes throughout the entire earlier period when concededly he resided with Buckley.

We conclude that because there is some evidence, which we do not weigh, supporting both sides, and different inferences are permissible from the evidence on whether Scott reestablished his residence at his parents' household, summary judgment should not have been awarded to plaintiff *(see, Aetna Cas. & Sur. Co. v Means,* 382 F2d 26; *see also, Matter of Aetna Cas. & Sur. Co. v Gutstein,* 80 NY2d 773, 775 [decided issue as question of fact]; *Connolly v Galvin,* 120 NH 219, 412 A2d 428 [same]; 12 Couch on Insurance 2d, § 45:276 [rev ed 1981]; Annotation, *Who is "Resident" or "Member" of same "Household" or "Family" as Named Insured, Within Liability Insurance Provision Defining Additional Insureds,* 93 ALR3d 420, 438-440, § 5; *cf., D'Amico v Pennsylvania Millers Mut. Ins. Co.,* 52 NY2d 1000). The factors pointing each way and the inferences to be drawn therefrom present a question of fact.

Finally, plaintiff is not estopped from denying coverage to Scott under the Kowalski policy based on the delay in notifying the parties in January 1992 of the disclaimer of coverage. Notice of denial based on the absence of insurance coverage is not required by Insurance Law § 3420 (d) *(see, Zappone v Home Ins. Co.,* 55 NY2d 131; *Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364, 366), and defendants have not demonstrated any actual prejudice arising from the delay *(see, Allstate v Gross,* 27 NY2d 263, 269; *Corcoran v Abbott Sommers, Inc.,* 143 AD2d 874).

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion; cross motion denied; and, as so modified, affirmed.