■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v SCOTT KOWALSKI et al., Defendants, and RUTH

VALENTIN et al., Appellants. [634 NYS2d 894] —Spain, J. Appeal from a judgment of the Supreme Court (Marinelli, J.), entered April 26, 1994 in Columbia County, upon a decision of the court declaring that plaintiff was not obligated to provide excess insurance coverage to defendant Scott Kowalski.

In September 1990, defendant Scott Kowalski (hereinafter Scott) was driving a motor vehicle owned by his girlfriend, defendant Mary Beth Buckley, when he lost control of the vehicle, causing it to overturn and be struck by a second vehicle. The two other individuals who had been passengers in the car thereafter commenced negligence actions against Buckley, who joined them in filing suit against Scott. The claims against Buckley were settled by plaintiff, as the insurer of Buckley's vehicle. Plaintiff had also issued a policy to Scott's parents (hereinafter the Kowalskis), providing liability insurance coverage for the Kowalskis and for any "family member", i.e., according to the terms of the policy, "A person related to you * * * who is a resident of your household."

When the plaintiffs in the negligence action sought payment of their claims against Scott from plaintiff based on the excess coverage provided in the Kowalskis' policy, plaintiff brought this action seeking a declaration that the Kowalskis' policy did not cover Scott because, at the time of the accident in question, he was not a "resident" of the Kowalskis' household, within the meaning of the policy. Supreme Court granted summary judgment in favor of plaintiff, declaring that Scott was not covered under the terms of the Kowalskis' policy. This Court subsequently reversed that judgment on the ground that the issue of Scott's residence raised a triable issue of fact (195 AD2d 940). The case was remitted for trial, resulting in a judgment declaring that Scott was not a resident of the Kowalskis' household at the time of the accident, rendering plaintiff not liable for damages caused by his negligence. We affirm.

The evidence adduced at trial disclosed that Scott had been living with Buckley and her children for over a year prior to the accident. Scott's residence in the Buckley household had been periodically interrupted by domestic disputes with Buckley, following which he would move out of her trailer and back in with the Kowalskis until he and Buckley had reconciled. At the time of the accident, such a dispute had resulted in Scott's moving into the Kowalskis' house, where he had been living for over three weeks prior to the accident. Trial testimony disclosed, however, that at no time did Scott intend to make this living arrangement permanent, it having always been his expectation, as well as that of Buckley and the Kowalskis, that

he would resume cohabitation with Buckley as soon as they had reconciled. We conclude that Scott's stay at the Kowalski residence at the time of the accident was temporary in nature, lacking both the degree of permanence and the intention to remain that are required to establish that an individual is a "resident" as contemplated by the terms of the policy (*see, Kradjian v American Mfrs. Mut. Ins. Co.*, 206 AD2d 801, 802; *Aetna Cas. & Sur. Co. v Panetta*, 202 AD2d 662; *Hollander v Nationwide Mut. Ins. Co.*, 60 AD2d 380, 383, *lv denied* 44 NY2d 646).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.