■ In the Matter of CRAIG KOBACK, Appellant, v COMMERCIAL UNION INSURANCE Co., Respondent. [637 NYS2d 424] —In a proceeding pursuant to CPLR article 75 to compel arbitration of his underinsured motorist claim, the petitioner Craig Koback appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Radin, J.H.O.), dated June 30, 1994, as, upon granting the petitioner's motion to reargue, adhered to its prior determination in an order dated September 7, 1993, denying the petition.

Ordered the order is affirmed insofar as appealed from, with costs.

The appellant, who offered no documentary evidence regard-

ing residence in his uncle's house and whose testimony, and that of his mother, was determined to be incredible by the hearing court, was not entitled to arbitration of his claim for underinsurance motorist benefits under his uncle's insurance policy (*see, Matter of Aetna Cas. & Sur. Co. v Gutstein*, 80 NY2d 773; *Walburn v State Farm Fire & Cas. Co.*, 215 AD2d 837; *Matter of Aetna Cas. & Sur. Co. v Panetta*, 202 AD2d 662). The appellant was not a "family member" under the clear and unambiguous language of the policy (*see, Matter of Metropolitan Prop. & Liab. Ins. Co. v Feduchka*, 135 AD2d 715). O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.