■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v ELISA TROISI et al., Defendants, and TRAVELERS INDEMNITY COMPANY, Respondent. [671 NYS2d 111] —In an action for a judgment declaring that the plaintiff, Government Employees Insurance Company, is not obligated to defend or indemnify the defendant Elisa Troisi in an action brought by the defendant Travelers Indemnity Company, as subrogee of Dean College, against, *inter alia*, Elisa Troisi, in the United States District Court for the District of Massachusetts (Civ. No. 96-01759), the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), dated June 24, 1997, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Elisa Troisi in the underlying action brought by the defendant Travelers Indemnity Company.

On October 25, 1995, a fire destroyed Thayer House, a dormitory building owned by Dean College in Franklin, Massachusetts. Travelers Indemnity Company (hereinafter

Travelers) insured the college and reimbursed it for its losses. Travelers, as subrogee of Dean College, sued, *inter alia*, Elisa Troisi in the United States District Court for the District of Massachusetts and later sought to recover those losses from the Government Employees Insurance Company (hereinafter GEICO), the plaintiff in this declaratory judgment action.

GEICO· insured Elisa Troisi's father, Laurence Troisi, under a homeowner's insurance policy for his Manhattan apartment and an excess insurance policy (hereinafter the policies). Travelers contended that Elisa Troisi was a covered person under the terms of the policies. The policies define an insured, *inter alia*, as a relative who is also a resident of the policyholder's household.

GEICO subsequently commenced this action seeking a declaration that it had no duty to defend or indemnify Elisa Troisi under the policies. After issue was joined, GEICO moved, *inter alia*, for summary judgment against Travelers. The Supreme Court denied the motion finding, among other things, the existence of a factual question as to whether or not Elisa Troisi was a resident of her father's household, and, thus, was an insured under the terms of the policies. We reverse.

It is undisputed that after her parents' divorce Elisa Troisi's mother was awarded custody of Elisa, and that she lived with her mother and attended high school in Manhasset, where her mother lived. The fact that after graduation from high school she irregularly visited her father's apartment, occasionally sleeping in his living room overnight, and also kept a few incidental items of clothing there, is insufficient to raise a factual question as to whether or not she was a resident in her father's household. Under such circumstances, she cannot be considered a resident of her father's household, a status which would have entitled her to coverage under the terms of the policies (*see, Matter of Aetna Cas. & Sur. Co. v Gutstein,* 80 NY2d 773; *Matter of Koback v Commercial Union Ins. Co.,* 223 AD2d 708; *Matter of Aetna Cas. & Sur. Co. v Panetta,* 202 AD2d 662). Therefore, GEICO's summary judgment motion should have been granted, and the matter is remitted for a declaration in favor of the plaintiff (*see, Holliswood Care Ctr. v Whalen,* 58 NY2d 1001, 1004; *Lanza v Wagner,* 11 NY2d 317, 334).

GEICO's remaining contention is academic in light of this determination. Copertino, J. P., Santucci, Krausman and Florio, JJ., concur.