■ ANDREW DUTKANYCH III et al., Respondents, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant-Respondent, MARCI BIDDY, Respondent-Appellant, and SAFECO INSURANCE COMPANY OF AMERICA et al., Respondents. [675 NYS2d 623] —In an action for a judgment declaring, *inter alia,* that the defendants United States Fidelity and Guaranty Company and Safeco Insurance Company of America are obligated to defend and indemnify the plaintiffs in a negligence action commenced by the defendant Marci Biddy, the defendant United States Fidelity and Guaranty Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated August 12, 1997, as (1) granted that branch of the plaintiffs' motion which was for summary judgment declaring that United States Fidelity and Guaranty Company was obligated to indemnify them in the underlying action and made the declaration, (2) denied that branch of its motion which was for summary judgment, and (3) failed to decide that branch of its motion which was to strike paragraph 27 of the plaintiffs' complaint alleging bad faith, and the defendant Marci Biddy cross-appeals, as limited by her brief, from so much of the same order as (1) denied that branch of her cross motion which was for summary judgment declaring that the plaintiff Andrew Dutkanych III was an insured under a motor vehicle liability policy issued to his father, the defendant Andrew Dutkanych, Jr., by Safeco Insurance Company of America, and (2) granted that branch of the motion of the defendants Safeco Insurance Company of America and Andrew Dutkanych, Jr., which was for summary judgment dismissing the complaint insofar as asserted against Safeco Insurance Company of America and, in effect, declared that Andrew Dutkanych III is not an insured under the policy issued by Safeco Insurance Company of America to Andrew Dutkanych, Jr.

Ordered that the appeal of United States Fidelity and Guaranty Company from so much of the order as failed to decide that branch of its motion which was to strike paragraph 27 of the plaintiffs' complaint is dismissed, without costs or disbursements (*see, Katz v Katz,* 68 AD2d 536, 542-543); and it is further,

Ordered that the order is modified by deleting the provision thereof which granted that branch of the plaintiffs' motion which was for a declaration that the defendant United States Fidelity and Guaranty Company is obligated to indemnify the plaintiff Rhoda S. Gould, and substituting therefor a provision declaring that the defendant United States Fidelity and

Guaranty Company is not obligated to indemnify the plaintiff Rhoda S. Gould; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff Andrew Dutkanych III (hereinafter Andrew) was involved in an automobile accident in which he was driving a car owned by the plaintiff Rhoda S. Gould, resulting in injuries to the defendant Marci Biddy, a passenger in the car. The two insurance policies which are the subject of this appeal were issued to Andrew's parents, who are divorced. The policy of the defendant United States Fidelity and Guaranty Company (hereinafter USF&G) was issued to Andrew's mother, the defendant Beverly Dutkanych, and the policy of the defendant Safeco Insurance Company of America (hereinafter Safeco) was issued to Andrew's father, the defendant Andrew Dutkanych, Jr.

The record reveals that at the time of the accident, Andrew was a student at Ithaca College and resided there. However, at all relevant times a room was maintained for him in his mother's household, his driver's license, school documents, and selective service registration listed his mother's home as his address, he stored clothing and personal belongings there, he had a key to her house, he received mail there, and he spent school breaks in his mother's household. Contrary to USF&G's contention, the Supreme Court properly concluded that Andrew was a resident of Beverly Dutkanych's household and, hence, an insured under the USF&G policy (see, Nationwide Ins. Co. v Allstate Ins. Co., 181 AD2d 1022; cf., Matter of Aetna Cas. & Sur. Co. v Gutstein, 80 NY2d 773, revg 169 AD2d 718). Further, where, as here, an insurer attempts to limit liability by use of an ambiguously worded provision which is subject to more than one reasonable construction, the courts will construe it strictly against the insurer (see, Hollander v Nationwide Mut. Ins. Co., 60 AD2d 380, 384; see also, Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 671; Sekulow v Nationwide Mut. Ins. Co., 193 AD2d 395, 396; Schaut v Firemen's Ins. Co., 130 AD2d 477).

USF&G also contends that it is not obligated to defend or indemnify Andrew because his use of the Gould vehicle constituted "regular use" of a noncovered auto which would be excluded from coverage under the USF&G policy. Contrary to USF&G's contention, the Supreme Court properly determined that Andrew's use of the Gould vehicle did not constitute "regular use" (see, New York Cent. Mut. Fire Ins. Co. v Jennings, 195 AD2d 541; Hollander v Nationwide Mut. Ins. Co., supra; cf., Liverzani v Amica Mut. Ins. Co., 214 AD2d 542, 544; Egle v United Servs. Auto Assn., 158 AD2d 661).

However, the Supreme Court should not have granted that branch of the plaintiffs' motion which was for summary judgment declaring that USF&G was obligated to indemnify Gould. The plaintiffs, as the parties seeking such a declaration bore the burden of demonstrating their entitlement thereto and failed to do so (see, *Nicosia v Shultis*, 239 AD2d 473, citing *Herold v East Coast Scaffolding*, 208 AD2d 592).

USF&G contends that the Supreme Court failed to determine that branch of its motion which was to strike the plaintiffs' allegations of bad faith. However, as the plaintiffs concede that these allegations have been withdrawn, this issue is academic. In any event, USF&G may not appeal from that portion of the order which failed to determine a branch of its motion (see, *Katz v Katz*, 68 AD2d 536, 542-543, *supra*).

Contrary to Marci Biddy's contention, the Supreme Court properly determined that Andrew was not a resident of his father's household and thus, he was not a "family member" for the purpose of establishing coverage under the Safeco policy (see, *Government Empls. Ins. Co. v Troisi*, 249 AD2d 363; *see also, Matter of Aetna Cas. & Sur. Co. v Gutstein, supra; Matter of Aetna Cas. & Sur. Co. v Panetta*, 202 AD2d 662). Miller, J. P., Sullivan, Friedmann and McGinity, JJ., concur.