■ In the Matter of AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, Appellant, v CHARLES CHULACK, III, Respondent, and PATRICIA CHULACK et al., Proposed Additional Respondents. [697 NYS2d 153] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated December 3, 1998, which denied the petition.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the respondent is an "insured person", as that term is defined in the subject automobile insurance policy; and it is further,

Ordered that arbitration is temporarily stayed pending the hearing and new determination.

The Supreme Court erred in failing to hold a hearing on the issue of whether the respondent is an "insured person" as that term is defined in his parents' automobile insurance policy. The petitioner has raised an issue of fact as to whether the respondent qualifies as a "relative", which the policy defines as "a person living with you and related to you by blood, marriage, or adoption". The petitioner contends that the respondent was not living in the same household as his parents at the time of the accident. The petitioner met its burden of establishing the existence of evidentiary facts sufficient to conclude that there is a genuine preliminary issue which requires a hearing and justifies a stay (*see, National Grange Mut. Ins. Co. v Diaz,* 111 AD2d 700). Evidence that the respondent's driver's license, voter's registration card, and the previous year's income tax returns listed his parents' home address as his own residence address is insufficient to establish that the respondent was "living with" his parents at the time

of the accident (*see, Matter of Aetna Cas. & Sur. Co. v Gutstein,* 80 NY2d 773; *Matter of Aetna Cas. & Sur. Co. v Panetta,* 202 AD2d 662; *D'Amico v Pennsylvania Millers Mut. Ins. Co.,* 72 AD2d 783, *affd* 52 NY2d 1000; *cf., Dutkanych v United States Fid. & Guar. Co.,* 252 AD2d 537; *Nationwide Ins. Co. v Allstate Ins. Co.,* 181 AD2d 1022). O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.