■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v MARIO BONILLA, Appellant. [704 NYS2d 819] —In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay an arbitration, the appeal is from an order of the Supreme Court, Suffolk County (Robbins, J.), dated June 23, 1999, which, after a hearing, granted the petition and permanently stayed the arbitration.

Ordered that the order is affirmed, with costs.

Establishing whether a person is a resident of a household for insurance purposes generally requires a showing of "something more than temporary or physical presence and requires at least some degree of permanence and intention to remain" (New York Cent. Mut. Fire Ins. Co. v Kowalski, 195 AD2d 940, 941; accord, Kradjian v American Mfrs. Mut. Ins. Co., 206 AD2d 801, 802; see also, Hollander v Nationwide Mut.

*Ins. Co.,* 60 AD2d 380, 383). The appellant admitted that, within a two-year period, he lived at three different addresses, including the premises of the insured of the respondent New York Central Mutual Fire Insurance Company. Thus, the court did not err in granting the petition to permanently stay the arbitration proceeding on the ground that the appellant was not a resident of the insured's household within the meaning of the insurance policy. Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.