■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v JAMES PAOLICELLI et al., Respondents, et al., Defendants. [756 NYS2d 653] —In an action for a judgment declaring that the plaintiff was not obligated to defend and indemnify the defendant James Paolicelli in an underlying personal injury action entitled *Sipple v Modeste,* pending in the Supreme Court, Kings County, under Index No. 7343/96, the plaintiff appeals from an order of the Supreme Court, Kings County (Silverman, J.H.O.), dated June 11, 2001, which, after a hearing, upon finding that the defendant James Paolicelli was a resident of the defendant Anthony Paolicelli's household on April 12, 1995, in effect, determined that the plaintiff was obligated to defend and indemnify the defendant James Paolicelli in the underlying action. Presiding Justice Prudenti has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant James Paolicelli in the underlying action.

The standard for determining residency for purposes of insurance coverage "requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain" (*New York Cent. Mut. Fire Ins. Co. v Kowalski,* 195 AD2d 940, 941 [1993]; *see Aetna Cas. & Sur. Co. v Gutstein,* 80 NY2d 773 [1992]; *New York Cent. Mut. Fire Ins. Co. v Kowalski,* 222 AD2d 859, 861 [1995]; *Aetna Cas. & Sur. Co. v Panetta,* 202 AD2d 662 [1994]; *Appleton v Merchants Mut. Ins. Co.,* 16 AD2d 361 [1962]). The issue of residency is a question of fact to be determined at a hearing (*see Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 383-384 [1978]; *Matter of American Natl. Prop. & Cas. Co. v Chulack,* 265 AD2d 550 [1999]).

While the determinations of a hearing court are accorded due deference on appeal (*see Greenpoint Sav. Bank v Patel,* 267 AD2d 204 [1999]; *Evering v Bronx Chrysler Plymouth,* 234 AD2d 586 [1996]), and should not be disturbed when supported by a fair interpretation of the evidence (*see Wester v State,* 247 AD2d 468 [1998]; *Evering v Bronx Chrysler Plymouth, supra*; *Kaplan v Werlin,* 215 AD2d 387 [1995]), the determination here must be set aside.

The instant accident occurred in Brooklyn in April 1995. The defendant James Paolicelli (hereinafter Paolicelli) was driving a vehicle owned by his then-girlfriend (now his wife), who was also a passenger. Although the hearing court concluded that Paolicelli was a resident of his father's household at the time of the underlying accident, the hearing court reached its determination without stating any findings of fact or conclusions of law. While Paolicelli's father testified that Paolicelli left his residence in Highland Mills, Orange County, in 1992, and moved in with his girlfriend in Brooklyn, Paolicelli maintained that he was living at both residences on a part-time basis at the time of the accident. However, our review of the record indicates that Paolicelli's testimony was equivocal with respect to the amount of time that he lived at his father's residence. In addition, there was no documentary evidence presented to support Paolicelli's claim that he resided with his father at the time of the accident. Further, the evidence failed to establish that Paolicelli demonstrated an intent to remain in his father's household at the time of the accident.

Accordingly, Paolicelli is not a covered person under the terms of his father's automobile insurance policy (*see Aetna Cas. & Sur. Co. v Gutstein,* 80 NY2d 773 [1992]; *Government Empls. Ins. Co. v Troisi,* 249 AD2d 363 [1998]; *Aetna Cas. & Sur. Co. v Panetta,* 202 AD2d 662 [1994]), and the hearing court erred when it, in effect, determined that the plaintiff was obligated to defend and indemnify Paolicelli in the underlying action.

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not obligated to defend and indemnify Paolicelli in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Krausman, Townes and Cozier, JJ., concur.