■ ROBERT D. FENNELL et al., Appellants, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [759 NYS2d 533] —In an action pursuant to Insurance Law § 3420 (a) (2) to collect an unpaid judgment the plaintiffs obtained in a personal injury action in the Supreme Court, Dutchess County, entitled *Fennell v Kane* under Index No. 342/96, upon the default in answering or appearing of Paul Kane, the alleged insured of the defendant New York Central Mutual Fire Insurance Company, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Hillery, J.), dated April 15, 2002, which, after a nonjury trial pursuant to CPLR 3212 (c), in effect, granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

On July 29, 1994, Paul Kane (hereinafter Paul) hit a golf ball while golfing at Dinsmore Golf Course. The ball struck the plaintiff Robert D. Fennell in the eye, causing its loss. The injured plaintiff and his wife (hereinafter the plaintiffs) commenced an action to recover damages for personal injuries against Paul and his parents, James Kane and Carol Kane. The plaintiffs discontinued their action against Paul's parents, and a judgment was obtained against Paul in the sum of $600,150 upon his default in answering or appearing.

The plaintiffs commenced the instant action against New York Central Mutual Fire Insurance Company (hereinafter Central Mutual) seeking to collect on the unpaid default judgment they had obtained against Paul. Central Mutual had issued a liability insurance policy to Paul's parents, who resided in Putnam Valley. This policy provided coverage for relatives who are residents of the parents' household. Central Mutual moved and the plaintiffs cross-moved for summary judgment. The Supreme Court found the existence of a triable issue of fact as to Paul's residence at the time of the accident. After

conducting a trial to establish whether Paul was a resident of his parents' home on July 29, 1994, the Supreme Court determined that Paul did not reside with his parents on the date of the accident.

Residency requires something more than temporary or physical presence, and requires at least some degree of permanence and intention to remain (*see Canfield v Peerless Ins. Co.,* 262 AD2d 934 [1999]; *Commercial Mut. Ins. Co. v Wagschall,* 256 AD2d 300, 301 [1998]; *Kradjian v American Mfrs. Mut. Ins. Co.,* 206 AD2d 801, 802 [1994]; *New York Cent. Mut. Fire Ins. Co. v Kowalski,* 195 AD2d 940, 941 [1993]; *Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 383 [1978]).

The trial testimony established that in 1994, prior to the golf accident, Paul slept at his first wife's apartment, and on occasion, at the residence of his girlfriend, Diane. In late April 1994, Paul moved in with Diane. Diane testified that Paul was living with her at the time of the incident, and that he stayed at her residence every night.

Paul's mother testified that since Paul started living with Diane in April 1994, he did not reside at the parental home. Paul's father testified that on the date of the incident, Paul was living in Peekskill with Diane. Moreover, Paul's brother testified that on the date of the incident, Paul was living with Diane.

Although Paul retained his parents' address on his driver's license and voter registration card, listed his parents' address on the police report following the incident, and continued to receive mail at his parents' house, these circumstances do not establish residency (*see Matter of American Natl. Prop. & Cas. Co. v Chulack,* 265 AD2d 550, 550-551 [1999]). Accordingly, the Supreme Court properly determined that Paul was not a resident of his parents' household on July 29, 1994.

The plaintiffs' remaining contentions either are unpreserved for appellate review or without merit. Luciano, J.P., Adams, Townes and Crane, JJ., concur.