■ MARIE LINDNER et al., Respondents-Appellants, v ROBERT WILKERSON et al., Respondents, and JOYCE A. WILKERSON et al., Appellants-Respondents. [769 NYS2d 551]—

In an action, inter alia, for a judgment declaring that the defendant National Ben Franklin of Illinois Insurance Company, doing business as CNA Insurance Company, and Royal Insurance Company are obligated to provide liability insurance coverage to Robert Wilkerson in connection with an underlying personal injury action, Joyce A. Wilkerson and Royal Insurance Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated July 15, 2002, as denied their cross motion for summary judgment, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as (a) denied their motion for summary judgment declaring that National Ben Franklin of Illinois Insurance Company, doing business as CNA Insurance Company and Royal Insurance Company are obligated to provide excess and additional insurance coverage to Robert Wilkerson in connection with the injured plaintiff's personal injury claims, (b) granted the motion of the defendants Lenoria Wilkerson and National Ben Franklin of Illinois Insurance Company, doing business as CNA Insurance Company, to amend their answer and for summary judgment, and declared that National Ben Franklin of Illinois Insurance Company, doing business as CNA Insurance Company, was not obligated to defend and indemnify Robert Wilkerson in the underlying action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the cross motion of Joyce A. Wilkerson and Royal Insurance Company for summary judgment and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed, with one bill of costs to Joyce A. Wilkerson and Royal Insurance Company, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Royal Insurance Company is not obligated to defend and indemnify Robert Wilkerson in the underlying action.

It is well settled that whether a person is a "resident" of an insured's "household" requires something more than temporary or physical presence and requires at least some degree of

permanence and intention to remain (see *Government Empls. Ins. Co. v Paolicelli,* 303 AD2d 633 [2003]; *Matter of New York Cent. Mut. Fire Ins. Co. v Bonilla,* 269 AD2d 599 [2000]; *Kradjian v American Mfrs. Mut. Ins. Co.,* 206 AD2d 801, 802 [1994]; *New York Cent. Mut. Fire Ins. Co. v Kowalski,* 195 AD2d 940, 941 [1993]; *Canfield v Peerless Ins. Co.,* 262 AD2d 934, 934-935 [1999]; *Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 383 [1978]).

The defendant Robert Wilkerson (hereinafter Robert) was living with his then-girlfriend at the time of the subject automobile accident in September 1999, when he was 25 years old. He returned to his girlfriend's house after the accident. When he was not living with his girlfriend, he lived in hotels upstate, where he was put up by his employer depending on where his job happened to be located. He testified at his deposition that he had moved out of the house where he grew up, which was owned by his grandmother, when he was in high school in 1990 or 1991 because he did not want to abide by his grandmother's rules. His mother, aunt, and grandmother all testified that he was in that house only occasionally in 1999, and that he had removed most of his possessions from the house, leaving behind a television and possibly some clothing. Robert testified that he did not have a permanent address, and used his grandmother's address on the accident report, police report, and hospital report, and received mail at that address. These facts, however, are insufficient to establish Robert's residence at his grandmother's house at the time of the accident (see *Matter of Aetna Cas. & Sur. Co. v Gutstein,* 80 NY2d 773 [1992], revg 169 AD2d 718 [1991]; *Fennell v New York Cent. Mut. Fire Ins. Co.,* 305 AD2d 452 [2003]; *Matter of Aetna Cas. & Sur. Co. v Panetta,* 202 AD2d 662 [1994]; *Matter of Nationwide Ins. Co. v Smaller,* 271 AD2d 537 [2000]).

Accordingly, Robert was not a covered person under the policy issued by Royal Insurance Company (hereinafter Royal) to his aunt, Joyce Wilkerson (hereinafter Joyce), who lived at the grandmother's house, and therefore the Supreme Court should have granted Joyce and Royal's cross motion for summary judgment and declared that Royal is not obligated to defend and indemnify Robert in the underlying action. The Supreme Court, however, properly determined that Robert was not a member of the household of his mother, Lenoria Wilkerson (hereinafter Lenoria), and therefore was not entitled to liability insurance coverage under her automobile policy issued by National Ben Franklin of Illinois Insurance Company, doing business as CNA Insurance Company (hereinafter NBF). The evidence in the rec-

ord established that Lenoria was not a resident of the grandmother's house at the time of the accident, but lived alone, and there was no expectation between Lenoria and NBF, or by Robert, that he would be covered under Lenoria's policy (*see Hollander v Nationwide Mut. Ins. Co., supra*). Moreover, the Supreme Court acted within its discretion in granting Lenoria leave to amend her answer to deny that she was a resident of the grandmother's house at the time of the accident, as there was no inordinate delay in seeking leave or showing of prejudice by the plaintiffs (*see* CPLR 3025 [b]; *Mayers v D'Agostino,* 58 NY2d 696 [1982]; *Lane v Beard,* 265 AD2d 382 [1999]; *Sidor v Zuhoski,* 257 AD2d 564 [1999]; *Castle v Gaseteria Oil Corp.,* 263 AD2d 523 [1999]; *Noanjo Clothing v L & M Kids Fashion,* 207 AD2d 436 [1994]). Ritter, J.P., Friedmann, McGinity and Schmidt, JJ., concur.