■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v DEBORAH NICOLETTI, Respondent, et al., Respondents. [784 NYS2d 128]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered February 24, 2004, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law and the facts, with costs, the petition is granted, and the arbitration is permanently stayed.

Whether a person is a "resident" of an insured's "household" requires "something more than temporary or physical presence and requires at least some degree of permanence and intention to remain" (*New York Cent. Mut. Fire Ins. Co. v Kowalski,* 195 AD2d 940, 941 [1993]; *see Matter of Aetna Cas. & Sur. Co. v Gutstein,* 80 NY2d 773, 775 [1992]; *Lindner v Wilkerson,* 2 AD3d 500, 501-502 [2003]; *Government Empls. Ins. Co. v Paolicelli,* 303 AD2d 633 [2003]; *Matter of New York Cent. Mut. Fire Ins. Co. v Bonilla,* 269 AD2d 599 [2000]; *Matter of Aetna Cas. & Sur. Co. v Panetta,* 202 AD2d 662 [1994]). The issue of residency is a question of fact to be determined at a hearing (*see Government Empls. Ins. Co. v Paolicelli, supra,* citing *Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 383-384 [1978]; *Matter of American Natl. Prop. & Cas. Co. v Chulack,* 265 AD2d 550 [1999]). While the determinations of a hearing court are accorded due deference on appeal and should not be disturbed when supported by a fair interpretation of the evidence (*see Government Empls. Ins. Co. v Paolicelli, supra*), the determination here must be set aside.

The respondent Deborah Nicoletti (hereinafter Deborah) was involved in a car accident in August 2000, when she was 38 years old. Her father testified that she last lived with him in

1997 and that she was not living with him at the time of the accident. Deborah testified that she lived in her parents' house "on and off" since 1978, and that during the three years prior to the accident, when she had a serious drug problem, she lived in the houses of various friends and her sister. She had testified at an examination under oath that at the time of the accident she lived at an address other than her parents' house. Under the circumstances, no fair interpretation of the evidence supports the Supreme Court's conclusion that Deborah was a "resident" of her father's household at the time of the accident. The record is devoid of evidence to demonstrate that Deborah stayed at her parents' house with any degree of permanency with an intention to remain there. Although Deborah testified that she received mail at her parents' address, had the key to the house, and kept some belongings there, these facts are insufficient to establish her residence at that address (*see Matter of Aetna Cas. & Sur. Co. v Gutstein, supra* at 775; *Lindner v Wilkerson, supra* at 502; *Fennell v New York Cent. Mut. Fire Ins. Co.,* 305 AD2d 452, 453 [2003]; *Matter of American Natl. Prop. & Cas. Co. v Chulack, supra* at 550-551; *Matter of Aetna Cas. & Sur. Co. v Panetta, supra*). Thus, Deborah was not a covered person under the insurance policy issued by the appellant to her father.

Accordingly, the Supreme Court erred in denying the petition for a permanent stay of arbitration of Deborah's claim for underinsured motorist benefits under her father's insurance policy. S. Miller, J.P., Luciano, Crane and Skelos, JJ., concur.