In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v ELENA BONIFACIO, Respondent. [892 NYS2d 555]—

A person's status as a resident of an insured's household "requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain" (*Matter of State Farm Mut. Auto. Ins. Co. v Nicoletti,* 11 AD3d 702, 702 [2004] [internal quotation marks omitted]; *see Lindner v Wilkerson,* 2 AD3d 500, 501-502 [2003]; *Fennell v New York Cent. Mut. Fire Ins. Co.,* 305 AD2d 452, 453 [2003]; *Government Empls. Ins. Co. v Paolicelli,* 303 AD2d 633, 633 [2003]; *Matter of New York Cent. Mut. Fire Ins. Co. v Bonilla,* 269 AD2d 599 [2000]; *New York Cent. Mut. Fire Ins. Co. v Kowalski,* 195 AD2d 940, 941 [1993]; *see also Matter of Aetna Cas. & Sur. Co. v Gutstein,* 80 NY2d 773, 775 [1992]; *Matter of Aetna Cas. & Sur. Co. v Panetta,* 202 AD2d 662 [1994]). The issue of residency is a question of fact to be determined at a hearing (*see Government Empls. Ins. Co. v Paolicelli,* 303 AD2d at 633; *Matter of American Natl. Prop. & Cas. Co. v Chulack,* 265 AD2d 550 [1999]). Based on the evidence presented here, we disagree with the hearing court's finding that the respondent resided in the household of the petitioner's named insured, the respondent's mother, at the time of the accident.

At the framed-issue hearing, the respondent testified that she lived most of her life at her parents' residence in Yorktown Heights until she graduated from college in 2005. Shortly there-

after, in September of that year, she rented an apartment in Manhattan with two other people. Two months later, the respondent began employment in Manhattan where she worked five days a week, 11 to 12 hours a day. More than two years later, the respondent, after spending a Sunday afternoon with some friends near her hometown, was struck by a car while crossing Route 9A in Ardsley.

Although the respondent testified at the hearing that she visited her parents at the Yorktown residence at least once a month, "most often more," and that her parents maintained a room for her there where she kept some of her personal belongings, the respondent was emancipated from her parents, paid rent at the Manhattan residence, filed her own tax returns, and was no longer a dependent on her parents' tax returns. Evidence that the respondent's driver's license still listed her parents' address as her home address, that she possessed a key to her parents' home and, in 2008, voted in Yorktown Heights, and that she previously opened a bank account at a Chase branch in Yorktown Heights, was insufficient to establish that the respondent was residing at the Yorktown residence of her parents at the time of the accident (*see Matter of Aetna Cas. & Sur. Co. v Gutstein,* 80 NY2d 773 [1992]; *Matter of Aetna Cas. & Sur. Co. v Panetta,* 202 AD2d 662 [1994]; *D'Amico v Pennsylvania Millers Mut. Ins. Co.,* 72 AD2d 783 [1979], *affd* 52 NY2d 1000 [1981]; *cf. Dutkanych v United States Fid. & Guar. Co.,* 252 AD2d 537 [1998]). Moreover, physical presence in the parents' home was insufficient to establish residency, particularly where, as here, the respondent had previously established another legal residence in Manhattan and signed a new one-year lease at that residence only two months before the accident (*see Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 383 [1978]; *Appleton v Merchants Mut. Ins. Co.,* 16 AD2d 361 [1962]; *Allstate Ins. Co. v Jahrling,* 16 AD2d 501 [1962]).

Based on the evidence presented, the respondent was not a covered person under the subject policy and, therefore, the petition to permanently stay the arbitration should have been granted.

The respondent's remaining contentions are without merit. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.