*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    519923
_____

In the Matter of PREFERRED
    MUTUAL INSURANCE COMPANY,
                        Appellant,
        and                                    MEMORANDUM AND ORDER

GILLIAN FISHER,
                        Respondent.
_____

Calendar Date:  February 18, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

        McCabe & Mack, LLP, Poughkeepsie (Betsy N. Abraham of
counsel), for appellant.

        Scarzafava Baskedis Law Firm, Oneonta (Theodoras Basdekis
of counsel), for respondent.

_____

Peters, P.J.

        Appeal from an order of the Supreme Court (Becker, J.),
entered January 13, 2014 in Delaware County, which denied
petitioner's application pursuant to CPLR 7503 to permanently
stay arbitration between the parties.

        In September 2012, respondent was struck by a vehicle while
crossing a street in Brooklyn.  In August 2013, she submitted a
request to petitioner, her parents' automobile liability
insurance company, for arbitration of her potential supplemental
uninsured/underinsured motorist (hereinafter SUM) insurance
coverage under her parents' policy.  The parties entered into a
stipulation to temporarily stay arbitration to enable discovery.
Shortly thereafter, petitioner moved for a permanent stay of

arbitration on the basis that respondent was not a resident of her parents' home at the time of the accident and was therefore excluded from SUM coverage under the terms of her parents' insurance policy. Supreme Court denied petitioner's application on the ground that the parties' stipulation waived the issue of respondent's entitlement to benefits, and temporarily stayed arbitration pending further discovery. Petitioner appeals.

We agree with petitioner that Supreme Court erred in concluding that the parties' stipulation waived the issue of respondent's entitlement to SUM coverage. Although the stipulation stated that, "[u]pon the completion of [certain] discovery set forth [in the stipulation, petitioner] agrees to proceed to arbitration," a stipulation cannot create coverage of an individual, nor the obligation to arbitrate the issue of coverage, where the individual does not meet the relevant contractual prerequisites for coverage (cf. Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556, 563-565 [2008]; Zappone v Home Ins. Co., 55 NY2d 131, 134-136 [1982]). Stated differently, the stipulation cannot independently bind petitioner to supply coverage where no such coverage exists under the policy.

Turning to the merits, petitioner contends that, because respondent was not a resident of her parents' household at the time of the accident, she is not entitled to SUM coverage. The documents in the record – consisting of a short affidavit of respondent, certain bank statements, communications from her medical providers and mailing labels – are insufficient to determine this issue, necessitating that a hearing be held (see Matter of A. Cent. Ins. Co. v Williams, 105 AD3d 1042, 1042-1043 [2013]; Matter of State Farm Mut. Auto. Ins. Co. v Bonifacio, 69 AD3d 864, 864 [2010]; Matter of State Farm Mut. Auto. Ins. Co. v Nicoletti, 11 AD3d 702, 702 [2004]).

Lahtinen, Garry and Lynch, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court