In the Matter of PROGRESSIVE NORTHERN INSURANCE COMPANY, Appellant, v JARROD PEDONE, Respondent. [31 NYS3d 586]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Richmond County (Green, J.), dated April 30, 2015, which, after a hearing, in effect, denied the petition.

Ordered that the order is affirmed, with costs.

In September 2012, Jarrod Pedone, a pedestrian, was seriously injured when he was struck by a motor vehicle owned and operated by Timothy Kane in Philadelphia, Pennsylvania. Jarrod sought coverage under the supplemental underinsured motorist (hereinafter SUM) endorsement contained in his parents' policy with the petitioner Progressive Northern Insurance Company (hereinafter Progressive). The SUM endorse-

ment defined insured, in relevant part, as follows: "you, as the named insured and, while residents of the same household, your spouse and the relatives of either you or your spouse." Progressive denied coverage on the ground that Jarrod was not a resident of his parents' household in Staten Island at the time of the accident and, therefore, was not an insured under the policy.

Jarrod served a demand for arbitration of his claim for SUM benefits, and Progressive commenced this proceeding to permanently stay arbitration. Following a framed-issue hearing, the Supreme Court concluded that Jarrod was a resident of his parents' household in Staten Island, and, in effect, denied the petition.

While a person can have more than one residence for purposes of insurance coverage (see Matter of A. Cent. Ins. Co. v Williams, 105 AD3d 1042, 1042-1043 [2013]; Matter of Allstate Ins. Co. [Rapp], 7 AD3d 302, 303 [2004]), a person's status as a resident of an insured's household "requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain" (Matter of State Farm Mut. Auto. Ins. Co. v Nicoletti, 11 AD3d 702, 702 [2004] [internal quotation marks omitted]; see Matter of A. Cent. Ins. Co. v Williams, 105 AD3d at 1043; Matter of State Farm Mut. Auto. Ins. Co. v Bonifacio, 69 AD3d 864 [2010]; New York Cent. Mut. Fire Ins. Co. v Kowalski, 195 AD2d 940, 941 [1993]). "The issue of residency is a question of fact to be determined at a hearing" (Government Empls. Ins. Co. v Paolicelli, 303 AD2d 633, 633 [2003]).

Here, the evidence supports the Supreme Court's determination that Jarrod, an itinerant musician, resided in his parents' household in Staten Island at the time of the accident. Under the circumstances of this case, the proof in the record, including the presence of Jarrod's personal belongings and professional equipment at his parents' house, the numerous official documents listing his parents' address as his residence, and the testimony adduced at the framed-issue hearing, sufficed to establish Jarrod's residency in his parents' household within the meaning of the subject insurance policy (see Dutkanych v United States Fid. & Guar. Co., 252 AD2d 537 [1998]). Accordingly, the Supreme Court properly, in effect, denied the petition to permanently stay arbitration of the SUM claim. Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.