Matter of United States Auto. Assn. v Mickens (2023 NY Slip Op 04835)

Matter of United States Auto. Assn. v Mickens

2023 NY Slip Op 04835

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 651880/22 Appeal No. 650 Case No. 2022-05201 

[*1]In the Matter of United States Automobile Association, Petitioner-Appellant,
v
Tevin M. Mickens, Respondent-Respondent.

Petrocelli & Christy, LLP, Mineola (Matthew R. Jaeger of counsel), for appellant.
Law Office of Neil R. Finkston, Great Neck (Neil R. Finkston of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered August 17, 2022, which denied the petition to permanently stay arbitration or, in the alternative, to temporarily stay arbitration pending, inter alia, a framed issue hearing on the existence of underinsured motorist coverage, unanimously reversed, on the law, without costs, and the petition granted to the extent of temporarily staying arbitration pending a framed issue hearing as to whether respondent resided primarily in his mother's household so as to qualify as a covered family member under the insurance policy issued to his mother.
On or about October 16, 2021, while riding home on a "Citi Bike," respondent was struck head on by a car on Mangin Street, near the intersection of Houston Street in Manhattan. Respondent struck the windshield of the car, sustaining injuries to his face and head, a subarachnoid hemorrhage, and the fracture of his left ankle. Following the accident, respondent submitted to petitioner USAA an application for no-fault benefits. USAA denied respondent's claim for potential uninsured motorist bodily injury or underinsured motorist bodily injury because he did not reside with his mother, who was the policyholder, at the time of loss. Respondent then made a demand for arbitration which USAA petitioned to stay. Supreme Court denied the petition finding that USAA failed to meet its burden that respondent did not reside primarily with his mother.
We find that the evidence presented by the parties raised an issue of fact as to whether respondent "reside[d] primarily" with his mother. While USAA submitted hospital billing records and respondent's no-fault benefits application listing a New York address as respondent's residence, the police accident report it submitted reflected the mother's Pennsylvania address as respondent's home address. Respondent produced, among other things, his driver's license, voter registration card, and recent tax documents showing the Pennsylvania address as his residence. Respondent averred in an affidavit that he leased his New York City apartment eight months before the accident in anticipation of his employer reopening its New York office after the COVID-19 pandemic and moved in two months later, but that he continued to work remotely from his family's home in Pennsylvania and was in New York approximately 40% of the time.
Given the evidence, Supreme Court should have granted a temporary stay of arbitration and directed a framed issue hearing on the issue of whether respondent resided primarily in New York or in Pennsylvania at the time of the accident (see Matter of American Natl. Prop. & Cas. Co. v Chulack , 265 AD2d 550 [2d Dept 1999]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023