■ OFELIA VELA, Respondent, v TOWER INSURANCE COMPANY OF NEW YORK, Appellant. [921 NYS2d 325]—

In an action to recover damages for breach of a homeowner's insurance policy, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Cohen, J.), entered December 14, 2009, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant, Tower Insurance Company of New York (hereinafter Tower), issued a homeowner's policy (hereinafter the policy) to the plaintiff for a residential property in Central Islip (hereinafter the premises), which she purchased in December 2006. The policy contained a "residence premises" provision, pursuant to which coverage was provided for a one- or two-family dwelling "where you [meaning the insured] reside and which is shown as the 'residence premises' in the Declarations." When the premises sustained water damage in the sum of approximately $228,000, Tower disclaimed coverage on the ground, inter alia, that the plaintiff never resided at the premises. Thereafter, the plaintiff commenced this action to recover damages for breach of the policy. Tower moved for summary judgment dismissing the complaint, and the Supreme Court, among

other things, denied the motion. Tower appeals, and we reverse the order insofar as appealed from.

The Supreme Court erred in denying Tower's motion for summary judgment dismissing the complaint. "The standard for determining residency for purposes of insurance coverage 'requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain'" (*Government Empls. Ins. Co. v Paolicelli*, 303 AD2d 633, 633 [2003], quoting *New York Cent. Mut. Fire Ins. Co. v Kowalski*, 195 AD2d 940, 941 [1993]; *see Fennell v New York Cent. Mut. Fire Ins. Co.*, 305 AD2d 452, 453 [2003]). Tower demonstrated its prima facie entitlement to judgment as a matter of law by submitting, among other things, the policy and its declaration page indicating that the "residence premises" were the premises at issue herein, along with the plaintiff's policy application in which she asserted that the premises were owner-occupied, and her deposition testimony that the premises had been unoccupied since the closing and that, when the water damage occurred, she, her husband, and their children were living at another property in Queens County, which was owned by her husband.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Megafu v Tower Ins. Co. of N.Y.*, 73 AD3d 713 [2010]). Contrary to her contention, the policy's "residence premises" provision is not ambiguous (*see Marshall v Tower Ins. Co. of N.Y.*, 44 AD3d 1014, 1015 [2007]) and, therefore, must be accorded its plain and ordinary meaning (*see NIACC, LLC v Greenwich Ins. Co.*, 51 AD3d 883, 884 [2008]). The plaintiff's mere intention to reside at the premises was insufficient to satisfy the policy's "residence premises" requirement. Moreover, the affidavits of the plaintiff and her husband stating that they slept at the premises many nights while making repairs to the premises must be viewed as presenting a feigned factual issue designed to avoid the consequences of the plaintiff's earlier admission in her deposition testimony that the premises were unoccupied at all times from the date of the closing to the date of the loss (*see Buziashvili v Ryan*, 264 AD2d 797, 798 [1999]). Further, contrary to the plaintiff's contention, the policy's "residence premises" provision was not rendered ambiguous by language in other policy provisions pertaining to circumstances where the residence premises were not the insured's principal place of residence, or where the insured was required to maintain heat and shut off the water when the residence premises were unoccupied.

In view of our determination, we need not reach Tower's

remaining contention. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.