■ KATHLEEN NEARY, as Executrix of RAYMOND H. NEARY and Another, Deceased, Respondent, v TOWER INSURANCE, Appellant, et al., Defendants. [941 NYS2d 279]—

In an action, inter alia, to recover damages for breach of an insurance contract, the defendant Tower Insurance appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated September 30, 2010, as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendant Tower Insurance which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

Raymond H. Neary, Sr., and Janet T. Neary (hereinafter together the Nearys) owned a residence in Brooklyn (hereinafter the premises), which they insured under a homeowners' policy (hereinafter the policy) with the defendant Tower Insurance (hereinafter Tower). The policy provided coverage only for premises where the Nearys, as the insureds, resided. On January 18, 2005, the premises were damaged in a fire. Tower disclaimed coverage on the ground that the Nearys did not reside at the premises at the time of the loss.

The Nearys commenced this action, inter alia, to recover damages from Tower for breach of the insurance contract. Subsequently, the Nearys died, and their daughter, Kathleen Neary (hereinafter the plaintiff), was substituted as executrix of their estates.

The Supreme Court erred in denying that branch of Tower's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. "The standard for determining residency for purposes of insurance coverage requires something more than temporary or physical presence

and requires at least some degree of permanence and intention to remain" (*Vela v Tower Ins. Co. of N.Y.*, 83 AD3d 1050, 1051 [2011], quoting *Government Empls. Ins. Co. v Paolicelli*, 303 AD2d 633, 633 [2003] [internal quotation marks omitted]; *see Matter of Allstate Ins. Co. [Rapp]*, 7 AD3d 302, 303 [2004]; *New York Cent. Mut. Fire Ins. Co. v Kowalski*, 195 AD2d 940, 941 [1993]). Mere intention to reside at certain premises is not sufficient (*see Vela v Tower Ins. Co. of N.Y.*, 83 AD3d at 1051).

Tower established its prima face entitlement to judgment as a matter of law by demonstrating that the Nearys did not reside at the subject premises when the fire occurred (*id.*). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to her contention, the term "reside" or "residence" is not ambiguous (*id.*; *see Marshall v Tower Ins. Co. of N.Y.*, 44 AD3d 1014, 1015 [2007]), and, therefore, must be accorded its plain and ordinary meaning (*see Vela v Tower Ins. Co. of N.Y.*, 83 AD3d at 1051). Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur. **[Prior Case History: 29 Misc 3d 1205(A), 2010 NY Slip Op 51700(U).]**