■ CONCORDIA GENERAL CONTRACTING Co., INC., Appellant, v PREFERRED MUTUAL INSURANCE COMPANY, Respondent, et al., Defendants. [46 NYS3d 146]—

In an action, inter alia, for a judgment declaring that Preferred Mutual Insurance Company has a duty to defend and indemnify Concordia General Contracting Co., Inc., in an

underlying action entitled *Kosinski v Brendan Moran Custom Carpentry*, pending in the Supreme Court, Putnam County, under index No. 3014/12, Concordia General Contracting Co., Inc., appeals from so much of an order of the Supreme Court, Putnam County (Lubell, J.), dated December 8, 2014, as denied its motion for summary judgment declaring, inter alia, that Preferred Mutual Insurance Company is obligated to defend and indemnify Concordia General Contracting Co., Inc., in the underlying action, and granted the cross motion of Preferred Mutual Insurance Company, in effect, for summary judgment declaring, inter alia, that it is not obligated to defend and indemnify Concordia General Contracting Co., Inc., in the underlying action, and dismissing the second cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs to Preferred Mutual Insurance Company, and the matter is remitted to the Supreme Court, Putnam County, for the entry of a judgment, inter alia, declaring that Preferred Mutual Insurance Company is not obligated to defend and indemnify Concordia General Contracting Co., Inc., in the underlying action or to reimburse Concordia General Contracting Co., Inc., for its defense costs in the underlying action.

The plaintiff, Concordia General Contracting Co., Inc. (hereinafter Concordia), commenced this action seeking, inter alia, a judgment declaring that the defendant Preferred Mutual Insurance Company (hereinafter Preferred) was obligated to defend and indemnify it under a commercial general liability insurance policy issued by Preferred to "Zbigniew Kosinski d/b/a Zygy Renovation," as the named insured. The policy at issue excluded contractual liability except where it was assumed pursuant to the terms of an "insured contract," defined, in relevant part, as those portions of a contract pertaining to the business of the named insured "under which [the named insured] assume [s] the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization."

It is undisputed that "Zygy Renovations" (also sometimes referred to as "Zygy Renovation") is not a separate legal entity but merely the name under which the defendant Zbigniew Kosinski, at all relevant times, carried on his home renovation business.

Concordia sought defense and indemnification from Preferred after Kosinski commenced a personal injury action against Concordia and others in connection with injuries he allegedly sustained while working as a subcontractor of Concordia on a construction project. Prior to the date of the accident, Concor-

dia, as contractor, and "Zygy Renovations," as subcontractor, had entered into a hold harmless agreement pursuant to which the subcontractor agreed to indemnify and hold harmless Concordia from any claims for bodily injury resulting from the performance of the subcontractor's work.

Preferred rejected Concordia's request for defense and indemnification on the ground, inter alia, that the hold harmless agreement was not an "insured contract" as defined in the policy, since the bodily injury occurred to Kosinski himself, who was a party to the contract and, therefore, could not be deemed a "third person." Concordia thereafter commenced this action and, subsequently, moved for summary judgment seeking a declaration, inter alia, that Preferred was obligated to defend and indemnify it in the underlying action. Preferred cross-moved, in effect, for summary judgment declaring that it was not obligated to defend and indemnify Concordia, and dismissing the second cause of action. The Supreme Court denied Concordia's motion and granted Preferred's cross motion. Concordia appeals, contending that the term "third person," as used in the definition of an "insured contract," is ambiguous, and that Kosinski was a third person under the definition of insured contract.

"As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (*White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007] [citation omitted]). The threshold question whether a provision in an insurance policy is ambiguous is also for the court to determine as a matter of law (*see NIACC, LLC v Greenwich Ins. Co.*, 51 AD3d 883, 884 [2008]). The test for ambiguity is whether the provision is "susceptible of two reasonable interpretations" (*State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]; *see MDW Enters. v CNA Ins. Co.*, 4 AD3d 338, 340-341 [2004]). "If the terms of a policy are ambiguous . . . , any ambiguity must be construed in favor of the insured and against the insurer" (*White v Continental Cas. Co.*, 9 NY3d at 267).

Here, the ordinary meaning of "third person," when read in the context of the definition of "insured contract," plainly refers to someone who is not a party to the "insured contract." This would necessarily exclude Kosinski, who cannot claim to have a "distinct existence" from the unincorporated home renovation business he operated under the name of Zygy Renovations (*Rose v Mount Ebo Assoc.*, 170 AD2d 766, 769 [1991]). Even if the term "third person" could alternatively be interpreted to refer

to someone who is not a party to the insurance policy (as opposed to the underlying "insured contract"), such ambiguity would not benefit Concordia, as Kosinski is also the named insured under the subject policy.

Concordia's remaining contention is without merit.

In sum, there is no reasonable interpretation of the term "third person" that would include Kosinski. Accordingly, the Supreme Court correctly denied Concordia's motion for summary judgment and granted Preferred's cross motion for summary judgment.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Putnam County, for the entry of a judgment declaring, inter alia, that Preferred is not obligated to defend and indemnify Concordia in the underlying action. Chambers, J.P., Roman, Miller and Barros, JJ., concur.