Waknin v Liberty Ins. Corp. (2020 NY Slip Op 05551)





Waknin v Liberty Ins. Corp.


2020 NY Slip Op 05551


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-07681
 (Index No. 18562/12)

[*1]David Waknin, et al., respondents,
v
Liberty Insurance Corporation, et al., appellants.


Jaffe & Asher, LLP, New York, NY (Marshall T. Potashner and Janet L. Lee of counsel), for appellants.
Law Office of Steven G. Fauth, LLC, New York, NY (Suzanne M. Saia of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a homeowner's insurance policy, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated June 16, 2017. The order, insofar as appealed from, denied those branches of the defendants' motion which were, in effect, for summary judgment dismissing the second, third, and fourth causes of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the second, third, and fourth causes of action are granted.
The plaintiffs are the owners of a home in Brooklyn (hereinafter the premises). In July 2010, the plaintiffs' then-insurer sent a letter cancelling the plaintiffs' homeowner's insurance policy due to, among other reasons, "[v]acant dwelling." The plaintiff David Waknin (hereinafter David) contacted the defendant Joseph DiPierna, a sales representative employed by the defendant Liberty Insurance Corporation (hereinafter Liberty), to procure homeowner's insurance for the premises. David executed an application for insurance and, on August 5, 2010, Liberty issued a policy naming David as the insured. The insurance policy was renewed effective August 5, 2011.
In September 2011, the premises were destroyed by a fire. David submitted a claim under the insurance policy and, in investigating the claim, Liberty discovered that the plaintiffs never resided at the premises during the policy period. Liberty subsequently informed David that it was disclaiming coverage and rescinding the policy based on a material misrepresentation made on the insurance application regarding whether the premises were owner occupied.
The plaintiffs commenced this action against the defendants asserting, inter alia, causes of action to recover damages for breach of an insurance contract (second cause of action), fraud (third cause of action), and negligence/gross negligence (fourth cause of action). Following discovery, the defendants moved, inter alia, in effect, for summary judgment dismissing the second, third, and fourth causes of action. In an order dated June 16, 2017, the Supreme Court, among other things, denied those branches of the defendants' motion. The defendants appeal.
The Supreme Court should have granted that branch of the defendants' motion which was, in effect, for summary judgment dismissing the second cause of action, which sought to recover damages for breach of the insurance contract based on Liberty's failure to provide coverage for the loss. The defendants demonstrated, prima facie, that the policy only provided coverage if the premises were used as a residence by the plaintiffs and that the plaintiffs never resided at the premises during the policy period (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324; Metropolitan Prop. & Cas. Ins. Co. v Pulido, 271 AD2d 57, 59-60). In support of their motion, the defendants submitted, among other things, the deposition testimony of David and a recorded statement of David taken by Liberty, during which David indicated that the plaintiffs had not resided in the premises since May 2010, and that he did not recall whether he had told DiPierna that his prior homeowner's insurance policy had been cancelled because the premises were vacant or that there was a "gap" in homeowner's insurance for the premises. Although David testified that he told DiPierna that the plaintiffs were not currently living in the premises because they were "looking into . . . some permits to do some work on the interior of the house," he admittedly received a copy of the subject policy when it was first issued in August 2010, and after it was renewed in August 2011. David also confirmed that he would have answered "no" to the question on the insurance application concerning whether the premises were "under construction" or "undergoing significant renovation or remodeling," notwithstanding his testimony that the premises were uninhabitable and required "some extensive work." In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Liberty was estopped from rescinding the policy or denying coverage for the loss (see Alvarez v Prospect Hosp., 68 NY2d at 324). "'The alternate doctrines of waiver or estoppel may not operate to create insurance coverage where none exists under the policy as written'" (Neil Plumbing & Heating Constr. Corp. v Providence Washington Ins. Co., 125 AD2d 295, 297, quoting American Motorists Ins. Co. v Salvatore, 102 AD2d 342, 345; see Ward v County of Allegany, 34 AD3d 1288, 1290; American Ref-Fuel Co. of Helpstead v Resource Recycling, 248 AD2d 420, 424).
The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action, which sought to recover damages for fraud. "'The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages'" (Brooklyn Historic Ry. Assn. v City of New York, 126 AD3d 837, 840, quoting High Tides, LLC v DeMichele, 88 AD3d 954, 957 [internal quotation marks omitted]; see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 827). "The element of justifiable reliance is 'essential' to any fraud claim" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 151 AD3d 83, 85, affd 31 NY3d 569, quoting Basis Yield Alpha Fund Master v Morgan, 136 AD3d 136, 140). Here, the defendants established, prima facie, that any reliance by David on an alleged misrepresentation made by DiPierna was not justifiable since David testified that he received a copy of the policy when it was issued in August 2010, and again in 2011, when it was renewed (see generally Lasner v Massachusetts Mut. Life Ins. Co., 140 AD3d 1023, 1026; Portnoy v Allstate Indem. Co., 82 AD3d 1196, 1198; Trans High Corp. v Pollack Assoc., LLC, 74 AD3d 489, 489; Stilianudakis v Tower Ins. Co. of N.Y., 68 AD3d 973, 974; cf. American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d 730, 736-737). "An insured is 'conclusively presumed to have read and assented to the terms' of an insurance policy that he or she has received" (Nafash v Allstate Ins. Co., 137 AD3d 1088, 1090, quoting Loevner v Sullivan & Strauss Agency, Inc., 35 AD3d 392, 394). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Finally, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action, which sought to recover damages for negligence/gross negligence. The defendants made a prima facie showing of their entitlement to judgment as a matter of law dismissing that cause of action by submitting evidence which demonstrated that David only made a general request for homeowner's insurance, and did not specifically request coverage for premises that were not owner occupied (see Hefty v Paul Seymour Ins. Agency, 163 AD3d 1376, 1378; Hersch v DeWitt Stern Group, Inc., 43 AD3d 644, 647), and that no special relationship existed between the parties (see Petri Baking Prods., Inc. v Hatch Leonard Naples, Inc., 151 AD3d 1902, 1904; Joseph v Interboro Ins. Co., 144 AD3d 1105, 1108). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d [*2]at 324). David's statement submitted in his affidavit in opposition that he specifically requested coverage for unoccupied premises is contradictory to his deposition testimony and creates a feigned issue of fact.
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were, in effect, for summary judgment dismissing the second, third, and fourth causes of action.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court