Holtzman v Connecticut Gen. Life Ins. Co. (2023 NY Slip Op 00991)

Holtzman v Connecticut Gen. Life Ins. Co.

2023 NY Slip Op 00991

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-04492
 (Index No. 612009/16)

[*1]Eric H. Holtzman, appellant, 
v
Connecticut General Life Insurance Company, et al., respondents.

Nicholas J. Damadeo, P.C., Huntington, NY, for appellant.
Saul Ewing Arnstein & Lehr, LLP, New York, NY (John A. Basinger and Christie R. McGuinness of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George M. Nolan, J.), dated May 15, 2020. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the first cause of action and with respect to the second cause of action, and denied the plaintiff's cross-motion for summary judgment on the first and second causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making the appropriate declaration in favor of the defendants on the second cause of action in accordance herewith.
In 1988, the plaintiff purchased a life insurance policy that included a one-year term insurance component. The "POLICY SPECIFICATIONS" stated that the term insurance was "CONVERTIBLE AND ANNUALLY RENEWABLE," but that it was only "RENEWABLE TO AGE 70." A rider attached to the policy documents stated, in a section titled "Right to Change Plan," that the term insurance may be "exchanged . . . for a new policy" on any premium due date, "but not later than the policy anniversary nearest to the Insured's 65th birthday." In 2016, the plaintiff, at age 68, requested that the term insurance be converted to whole life insurance, and his request was denied.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract (first cause of action) and for a judgment declaring that the plaintiff validly exercised his right to convert the term insurance to whole life insurance (second cause of action). The defendants moved, among other things, for summary judgment dismissing the breach of contract cause of action and with respect to the declaratory judgment cause of action. The plaintiff cross-moved for summary judgment on the breach of contract and declaratory judgment causes of action. The Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the breach of contract cause of action and with respect to the declaratory judgment cause of action, and [*2]denied the plaintiff's cross-motion. The plaintiff appeals.
In determining an insurance coverage dispute, a court must first look to the language of the policy (see Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221; Conlon v Allstate Veh. & Prop. Ins. Co., 152 AD3d 488, 490). "'As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court'" (Concordia Gen. Contr. Co., Inc. v Preferred Mut. Ins. Co., 146 AD3d 932, 934, quoting White v Continental Cas. Co., 9 NY3d 264, 267). A court may not "'disregard clear provisions which the insurers inserted in the policies and the insured accepted, and equitable considerations will not allow an extension of coverage beyond its fair intent and meaning in order to obviate objections which might have been foreseen and guarded against'" (Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 5 NY3d 157, 162, quoting Caporino v Travelers Ins. Co., 62 NY2d 234, 239).
Here, we find no ambiguity as to the plain and ordinary meaning of the rider provision that allowed the plaintiff to convert the term insurance on or before "the policy anniversary nearest to [his] 65th birthday." The defendants thus established, prima facie, that they did not breach the policy when they denied the plaintiff's untimely conversion request. In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the "POLICY SPECIFICATIONS" did not state that the term insurance was convertible to age 70, but rather, that it was "RENEWABLE TO AGE 70." Moreover, the rider's use of the word "plan" instead of "policy" and the words "exchange" or "change" instead of "convert" did not render the rider ambiguous.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the breach of contract cause of action and with respect to the declaratory judgment cause of action. For similar reasons, the plaintiff failed to establish, prima facie, his entitlement to judgment as a matter of law on those causes of action, and the court also properly denied his cross-motion for summary judgment on those causes of action.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff did not validly exercise his right to convert the term insurance to whole life insurance (see Lanza v Wagner, 11 NY2d 317, 334).
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court