Fritz v Edward A. Kurmel Brokerage, Ltd. (2023 NY Slip Op 04752)

Fritz v Edward A. Kurmel Brokerage, Ltd.

2023 NY Slip Op 04752

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2022-03416
 (Index No. 507197/20)

[*1]Lincoln Fritz, plaintiff-respondent, et al., plaintiff,
v
Edward A. Kurmel Brokerage, Ltd., defendant- respondent, Mountain Valley Indemnity Company, appellant.

Mound Cotton Wollan & Greengrass, LLP, New York, NY (Rachel Horzempa and Kevin F. Buckley of counsel), for appellant.
Aboulafia Law Firm, LLC, New York, NY (Kyle B. Epstein of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a homeowner's insurance policy, the defendant Mountain Valley Indemnity Company appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated March 21, 2022. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff Lincoln Fritz.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Mountain Valley Indemnity Company which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff Lincoln Fritz is granted.
The plaintiff Lincoln Fritz (hereinafter Fritz) was the owner of a home located in Brooklyn (hereinafter the premises). Fritz executed an application for homeowner's insurance and indicated that the premises were owner-occupied. The defendant Mountain Valley Indemnity Company (hereinafter Mountain Valley) issued an insurance policy for the premises which named Fritz as the insured. The insurance policy was subsequently renewed for the policy period of February 27, 2019, to February 27, 2020.
In August 2019, the premises were damaged by a fire and Fritz submitted a claim under the insurance policy. While investigating the claim, Mountain Valley discovered that Fritz did not reside at the premises at the time of the loss. Mountain Valley subsequently informed Fritz that the loss was not covered by the insurance policy based on, inter alia, the premises not being owner-occupied.
Fritz and his brother, the plaintiff Kenneth Fritz, who had been residing at the premises, commenced this action against Mountain Valley and insurance agent Edward A. Kurmel Brokerage, Ltd., asserting, among other things, a cause of action to recover damages for breach of the insurance policy. Mountain Valley moved for summary judgment dismissing the complaint [*2]insofar as asserted against it. By order dated March 21, 2022, the Supreme Court, inter alia, denied that branch of Mountain Valley's motion which was for summary judgment dismissing the complaint insofar as asserted against it by Fritz. Mountain Valley appeals.
The Supreme Court should have granted that branch of Mountain Valley's motion which was for summary judgment dismissing the complaint insofar as asserted against it by Fritz. Mountain Valley demonstrated, prima facie, that the insurance policy only provided coverage if the premises was used as a residence by the insured, i.e., Fritz, and that Fritz did not reside at the premises during the policy period (see Waknin v Liberty Ins. Corp., 187 AD3d 821, 823; Neary v Tower Ins., 94 AD3d 725, 726). In support of its motion, Mountain Valley submitted, among other things, Fritz's deposition testimony that he had not resided at the premises since 2007. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Mountain Valley was estopped from denying coverage for the loss or had waived the residency requirement (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). "'The alternate doctrines of waiver or estoppel may not operate to create insurance coverage where none exists under the policy as written'" (Neil Plumbing & Heating Constr. Corp. v Providence Washington Ins. Co., 125 AD2d 295, 297, quoting American Motorists Ins. Co. v Salvatore, 102 AD2d 342, 345; see Waknin v Liberty Ins. Corp., 187 AD3d at 823).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, we reverse the order insofar as appealed from and grant that branch of Mountain Valley's motion which was for summary judgment dismissing the complaint insofar as asserted against it by Fritz.
BRATHWAITE NELSON, J.P., MALTESE, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court