Multani v Castlepoint Ins. Co. (2023 NY Slip Op 05614)

Multani v Castlepoint Ins. Co.

2023 NY Slip Op 05614

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2021-00580
 (Index No. 705105/16)

[*1]Manjit L. Multani, appellant, 
v
Castlepoint Insurance Company, respondent.

The Law Office of Jason Tenenbaum, P.C., Garden City, NY, for appellant.
Mound Cotton Wollan & Greengrass LLP, New York, NY (Kevin F. Buckley, Vander L. Beatty, and Rachel Horzempa of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of an insurance contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered January 5, 2021. The order granted the defendant's motion for summary judgment dismissing the amended complaint, denied the plaintiff's cross-motion, inter alia, for summary judgment on the cause of action alleging breach of contract, and, in effect, denied the plaintiff's separate motion to compel certain discovery as academic.
ORDERED that the order is affirmed, with costs.
The plaintiff was the owner of a house in Queens (hereinafter the subject property) which sustained fire damage. She submitted a claim to her insurer, the defendant. The defendant denied coverage on the basis that the subject property did not qualify as a "residence premises" as required for coverage under the insurance policy because it was configured as a five-family dwelling rather than as a one- or two-family dwelling.
The plaintiff commenced this action to recover damages for breach of contract and later amended the complaint to add causes of action alleging bad faith and a violation of General Business Law § 349. The defendant moved for summary judgment dismissing the amended complaint, and the plaintiff cross-moved, inter alia, for summary judgment on the cause of action alleging breach of contract. In an order entered January 5, 2021, the Supreme Court granted the defendant's motion, denied the plaintiff's cross-motion, and, in effect, denied the plaintiff's separate motion to compel certain discovery as academic. The plaintiff appeals.
"'As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provision is a question of law for the court'" (Holtzman v Connecticut Gen. Life Ins. Co., 213 AD3d 918, 919, quoting Concordia Gen. Contr. Co., Inc. v Preferred Mut. Ins. Co., 146 AD3d 932, 934 [internal quotation marks omitted]). "'[B]efore an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation'" (Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708, quoting Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311).
Here, the "residence premises" clause in the insurance policy is not ambiguous (see Vela v Tower Ins. Co. of N.Y., 83 AD3d 1050, 1051; Marshall v Tower Ins. Co. of New York, 44 AD3d 1014, 1015). The insurance policy unequivocally limits coverage to losses incurred on the "residence premises," which is defined, in relevant part, as either a one-family dwelling or a two-family dwelling. In support of its motion the defendant established, prima facie, that it properly denied coverage because the subject property was configured as a five-family dwelling and used as a three-family dwelling at the time of the loss. In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the defendant did not seek to avoid coverage on the basis of any purported material misrepresentation, and, as such, its failure to establish that potential defense did not preclude an award of summary judgment to the defendant on the ground that the defendant validly denied coverage due to the configuration of the subject property as something other than a one- or two-family dwelling. For this same reason, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action alleging breach of contract.
"To successfully assert a claim under General Business Law § 349(h), 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice'" (North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 11, quoting City of New York v Smokes-Spirits.Com, Inc., 12 NY3d 616, 621). "'[P]arties claiming the benefit of [General Business Law § 349(h)] must, at the threshold, charge conduct that is consumer oriented'" (North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d at 11-12, quoting New York Univ. v Continental Ins. Co., 87 NY2d 308, 320). While "[p]rivate contract disputes unique to the parties . . . would not fall within the ambit of the statute," relief under the statute is not automatically barred by the fact that the business transaction stems from an insurance policy (New York Univ. v Continental Ins. Co., 87 NY2d at 320 [internal quotation marks omitted]; see Valentine v Quincy Mut. Fire Ins. Co., 123 AD3d 1011, 1015). Here, the defendant was entitled to summary judgment dismissing the cause of action alleging a violation of General Business Law § 349. The defendant's valid denial of coverage based on the configuration of the subject property as something other than a "residence premises" does not have a broad impact on consumers at large. In opposition, the plaintiff failed to raise a triable issue of fact. In particular, evidence of the defendant's administrative practices with respect to insurance applications did not create a triable issue of fact as to whether the denial of coverage based on the particular configuration of the subject property has an impact on consumers at large.
Further, the cause of action alleging bad faith is duplicative of the cause of action alleging breach of contract, and "[t]here is no separate tort for bad faith refusal to comply with an insurance contract" (Schlusselberg v New York Cent. Mut. Fire Ins. Co., 206 AD3d 682, 683; see New York Univ. v Continental Ins. Co., 87 NY2d at 319-320; Paterra v Nationwide Mut. Fire Ins. Co., 38 AD3d 511, 512-513). Accordingly, the Supreme Court properly granted dismissal of the cause of action alleging bad faith on the ground that it was duplicative of the cause of action alleging breach of contract.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the amended complaint, denied the plaintiff's cross-motion, inter alia, for summary judgment on the cause of action alleging breach of contract, and, in effect, denied the plaintiff's separate motion to compel certain discovery as academic.
The plaintiff's remaining contentions need not be addressed in light of our determination.
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court