Landau v IDS Prop. Cas. Ins. Co. (2024 NY Slip Op 03421)

Landau v IDS Prop. Cas. Ins. Co.

2024 NY Slip Op 03421

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2020-07271
 (Index No. 33463/19)

[*1]Hershel Landau, et al., appellants, 
v
IDS Property Casualty Insurance Company, respondent, et al., defendant.

Rosenfeld Law Group, LLC, Spring Valley, NY (Haskell Rosenfeld of counsel), for appellants.
Bruno, Gerbino, Soriano & Aitken, LLP, Melville, NY (Susan B. Eisner of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of an insurance policy, the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated August 26, 2020. The judgment, upon an order of the same court dated July 27, 2020, granting the motion of the defendant IDS Property Casualty Insurance Company for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against the plaintiffs dismissing the complaint insofar as asserted against that defendant. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is affirmed, with costs.
In 2019, the plaintiffs commenced this action to recover damages for breach of an insurance policy against, inter alia, the defendant IDS Property Casualty Insurance Company (hereinafter the defendant). The plaintiffs alleged, among other things, that the defendant breached the homeowners' insurance policy it entered into with the plaintiffs by refusing to provide coverage after certain real property located in Rockland County owned by the plaintiffs (hereinafter the premises) was damaged by a fire that was determined by law enforcement authorities to have been intentionally set. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that an exclusion within the policy precluded the plaintiffs from recovering on their claim under the insurance policy. In an order dated July 27, 2020, the Supreme Court granted the defendant's motion, and thereafter, a judgment of the same court dated August 26, 2020, was entered in favor of the defendant and against the plaintiffs dismissing the complaint insofar as asserted against the defendant. The plaintiffs appeal. We affirm.
The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. "In determining an insurance coverage dispute, a court must first look to the language of the policy" (Holtzman v Connecticut Gen. Life Ins. Co., 213 AD3d 918, 919). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (id. at 919 [internal quotation marks omitted]). "'[B]efore an [*2]insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation'" (Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708, quoting Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311).
Here, the defendant established, prima facie, that the insurance policy at issue expressly required the premises to be used as a residence by the plaintiffs, as the insured, in order for coverage under the policy and that the plaintiffs did not reside at the premises (see Fritz v Edward A. Kurmel Brokerage, Ltd., 219 AD3d 1489, 1490; Waknin v Liberty Ins. Corp., 187 AD3d 821, 823). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The plaintiffs' remaining contentions are either without merit or improperly raised for the first time on appeal.
DUFFY, J.P., WOOTEN, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court