Matter of Progressive Ins. Co. v Baby (2024 NY Slip Op 05982)

Matter of Progressive Ins. Co. v Baby

2024 NY Slip Op 05982

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2023-10387
 (Index No. 529742/22)

[*1]In the Matter of Progressive Insurance Company, appellant, 
v
Kulsuma J. Baby, etc., respondent-respondent, et al., proposed additional respondents.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka, Kenneth E. Pitcoff, and Amanda M. Zefi of counsel), for appellant.
Marc S. Albert, Astoria, NY (Ramy Aqel of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 11, 2023. The order, insofar as appealed from, denied that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is granted.
On June 13, 2021, Mohammed Hossain (hereinafter the decedent), while operating his vehicle as a driver for Lyft, Inc. (hereinafter Lyft), was involved in an accident when a vehicle owned and operated by the proposed additional respondent Erik A. Chimborazo Tubon failed to stop for a red light and struck the decedent's vehicle, resulting in the decedent's death. At the time of the accident, Lyft carried motor vehicle insurance with the petitioner, Progressive Insurance Company (hereinafter Progressive), which included supplementary uninsured motorist (hereinafter SUM) coverage.
Thereafter, the respondent Kulsuma J. Baby, as administrator of the decedent's estate (hereinafter the respondent), informed Progressive that Tubon was uninsured and that the respondent intended to make a claim under the SUM endorsement of Lyft's policy. Progressive disclaimed coverage for the accident, and the respondent filed a demand for uninsured motorist arbitration with Progressive. Progressive commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of the respondent's claim. In an order dated October 11, 2023, the Supreme Court, among other things, denied that branch of the petition which was to permanently stay arbitration. Progressive appeals.
"An insurance policy is a written contract between an insurer and an insured and is based, in essence, on contract law" (American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co., 192 AD3d 28, 38). "In determining an insurance coverage dispute, a court must first look to the language of the policy" (Holtzman v Connecticut Gen. Life Ins. Co., 213 AD3d 918, 919; Consolidated Edison [*2]Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning . . . and the interpretation of such provisions is a question of law for the court" (White v Continental Cas. Co., 9 NY3d 264, 267).
Here, the decedent was not an "insured" under the subject policy. In order to qualify as an "insured" under the SUM endorsement, the accident had to have occurred while the decedent was operating a "TNC vehicle," which is defined as a vehicle "used by a transportation network company driver" who "is providing a transportation network company prearranged service" originating within the state of New York. The policy provided that a "prearranged trip" "does not include transportation provided through . . . use of a taxicab, livery, luxury limousine, or other for-hire vehicle, as defined in . . . [Administrative Code § 19-502 of the City of New York]" (emphasis added). Pursuant to Administrative Code § 19-502(g), a "for-hire vehicle" includes "a motor vehicle carrying passengers for hire in the city" (emphasis added). Since the decedent's vehicle was being used to carry a passenger for hire within New York City at the time of the accident, it was being operated as a "for-hire vehicle," rather than as a "TNC vehicle." Thus, the decedent did not qualify as an "insured" under the terms of the policy.
The respondent's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted that branch of the petition which was to permanently stay arbitration.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court