Matter of Progressive Ins. Co. v Service (2025 NY Slip Op 04652)

Matter of Progressive Ins. Co. v Service

2025 NY Slip Op 04652

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-03500
 (Index No. 714418/23)

[*1]In the Matter of Progressive Insurance Company, appellant, 
v
Shante D. Service, respondent, et al., proposed additional respondents.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Amanda M. Zefi of counsel), for appellant.
Davidoff Law, P.C., New York, NY (Mark Peter Getzoni of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated March 7, 2024. The order, after a framed-issue hearing, denied that branch of the petition which was to permanently stay arbitration and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is granted.
On August 21, 2021, the respondent, Shante D. Service, allegedly was injured when a vehicle owned and operated by proposed additional respondent Artur Nazaryan, in which Service was a passenger, was struck by another vehicle while traveling on the Van Wyck Expressway. At the time of the accident, Nazaryan was working as a driver for Lyft, Inc. (hereinafter Lyft). Service was picked up in Queens and had intended to travel to Manhattan. Nazaryan's vehicle was insured under a policy issued by Hereford Insurance Company, which contained supplementary uninsured motorist (hereinafter SUM) coverage. Lyft carried motor vehicle insurance with the petitioner, Progressive Insurance Company (hereinafter Progressive), and its policy also included SUM coverage.
Progressive disclaimed coverage for the accident. In July 2023, Service served Progressive with a demand for arbitration. Progressive then commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of Service's claim. In an order dated March 7, 2024, made after a framed-issue hearing, the Supreme Court denied that branch of the petition which was to permanently stay arbitration and, in effect, dismissed the proceeding. Progressive appeals.
"An insurance policy is a written contract between an insurer and an insured and is based, in essence, on contract law" (American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co., 192 AD3d 28, 38). "In determining an insurance coverage dispute, a court must first look to the language of the policy" (Holtzman v Connecticut Gen. Life Ins. Co., 213 AD3d 918, 919; see Consolidated [*2]Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (White v Continental Cas. Co., 9 NY3d 264, 267 [citation omitted]).
Here, Service was not an "insured" under the subject policy. In order to qualify as an "insured" under the SUM endorsement, the accident had to have occurred while Nazaryan was operating a "TNC vehicle," which is defined as a vehicle "used by a transportation network company driver" who "is providing a transportation network company prearranged service" originating within the state of New York. Further, the policy provided that a "prearranged trip" "does not include transportation provided through . . . use of a taxicab, livery, luxury limousine, or other for-hire vehicle, as defined in . . . [Administrative Code § 19-502 of the City of New York]" (emphasis added). Pursuant to Administrative Code § 19-502(g), a "for-hire vehicle" includes "a motor vehicle carrying passengers for hire in the city" (emphasis added). Since Nazaryan's vehicle was being used to carry a passenger for hire within New York City at the time of the accident, it was being operated as a "for-hire vehicle," rather than as a "TNC vehicle" (see Matter of Progressive Ins. Co. v Callahan, 232 AD3d 903, 905; Matter of Progressive Ins. Co. v Baby, 232 AD3d 902, 903). Thus, Service did not qualify as an "insured" under the terms of the policy.
Service's remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court