Simms v Liberty Ins. Corp. (2025 NY Slip Op 05271)

Simms v Liberty Ins. Corp.

2025 NY Slip Op 05271

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-09542
2024-00148
 (Index No. 503581/22)

[*1]Gregory A. Simms, respondent,
v Liberty Insurance Corporation, appellant.

Feldman, Rudy, Kirby & Farquharson, P.C., Jericho, NY (Bruce W. Farquharson of counsel), for appellant.
Belluck & Fox, LLP, New York, NY (Daniel Belzil of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract and for a judgment declaring that the plaintiff's property conformed to the definition of "residence premises" contained in a certain insurance policy, the defendant appeals from (1) an order of the Supreme Court, Kings County (Debra Silber, J.), dated August 15, 2023, and (2) an order of the same court dated October 30, 2023. The order dated August 15, 2023, insofar as appealed from, denied those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint and, in effect, declaring that the plaintiff's property did not conform to the definition of "residence premises" contained in the subject insurance policy. The order dated October 30, 2023, insofar as appealed from, upon reargument, adhered to the determination in the order dated August 15, 2023, denying those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint and, in effect, declaring that the plaintiff's property did not conform to the definition of "residence premises" contained in the subject insurance policy.
ORDERED that the order dated August 15, 2023, is reversed insofar as appealed from, on the law, those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint and, in effect, declaring that the plaintiff's property did not conform to the definition of "residence premises" contained in the subject insurance policy are granted, the order dated October 30, 2023, is vacated, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff's property did not conform to the definition of "residence premises" contained in the subject insurance policy; and it is further,
ORDERED that the appeal from the order dated October 30, 2023, is dismissed as academic in light of our determination on the appeal from the order dated August 15, 2023; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff was the owner of a residential building located in Brooklyn which sustained fire damage (hereinafter the subject property). At the time of the fire, the subject property was covered under an insurance policy issued by the defendant. The plaintiff submitted a claim to [*2]the defendant. The defendant denied coverage on the basis, inter alia, that the subject property did not qualify as a "residence premises" as required for coverage under the insurance policy because it was configured as a five- or six-family dwelling rather than as a one-, two-, three- or four-family dwelling.
The plaintiff commenced this action to recover damages for breach of contract and for a judgment declaring that the subject property conformed to the definition of "residence premises" contained in the insurance policy. The plaintiff moved, inter alia, pursuant to CPLR 3211(b) to dismiss the defendant's third affirmative defense. The defendant cross-moved, among things, for summary judgment dismissing the complaint and, in effect, declaring that the subject property did not conform to the definition of "residence premises" contained in the insurance policy. In an order dated August 15, 2023, the Supreme Court, among other things, denied those branches of the defendant's cross-motion. Thereafter, the defendant moved for leave to reargue those branches of its cross-motion. In an order dated October 30, 2023, the court granted leave to reargue but, upon reargument, adhered to its original determination, denying those branches of the defendant's cross-motion. The defendant appeals.
"While it is true that policies of insurance are to be construed liberally in favor of the insured and strictly against the insurer, where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement" (Government Empls. Ins. Co. v Kligler, 42 NY2d 863, 864). Interpretation of unambiguous provisions of an insurance contract is a matter of law for the court (see White v Continental Cas. Co., 9 NY3d 264, 267; Town of Harrison v National Union Fire Ins. Co. of Pittsburgh, Pa., 89 NY2d 308, 316).
Here, the relevant provisions of the insurance policy were clear and unambiguous (see Multani v Castlepoint Ins. Co., 221 AD3d 722, 724; Vela v Tower Ins. Co. of N.Y., 83 AD3d 1050, 1051; Marshall v Tower Ins. Co. of N.Y., 44 AD3d 1014, 1015). The insurance policy unequivocally limited coverage to losses incurred on the "residence premises," which was defined, in relevant part, as a one-, two-, three-, or four-family dwelling. The defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the insurance policy and evidence that the subject property was configured as a five- or six-family dwelling, which established that its denial of coverage was proper (see Multani v Castlepoint Ins. Co., 221 AD3d at 724; see also Estate of Gen Yee Chu v Otsego Mut. Fire Ins. Co., 148 AD3d 677, 678; cf. Walker v Tighe, 142 AD3d 549, 550). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court erred in denying those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint and, in effect, declaring that the subject property did not conform to the definition of "residence premises" contained in the insurance policy.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the subject property did not conform to the definition of "residence premises" contained in the insurance policy (see Lanza v Wagner, 11 NY2d 317, 334).
CHAMBERS, J.P., BRATHWAITE NELSON, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court