60 E. 196, LLC v Tokio Mar. Specialty Ins. Co. (2025 NY Slip Op 05660)

60 E. 196, LLC v Tokio Mar. Specialty Ins. Co.

2025 NY Slip Op 05660

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-11686
 (Index No. 526250/23)

[*1]60 East 196, LLC, respondent, 
v
Tokio Marine Specialty Insurance Company, appellant, et al., defendants.

Goldberg Segalla LLP, Buffalo, NY (Michael T. Glascott, James M. Specyal, and William T. O'Connell of counsel), for appellant.
Scahill Law Group P.C., Bethpage, NY (Francis J. Scahill, Brian M. Hussey, and Gerard Ferrara of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring, inter alia, that the defendant Tokio Marine Specialty Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled R.P. v 60 East 196, LLC, commenced in the Supreme Court, Bronx County, under Index No. 815578/21, the defendant Tokio Marine Specialty Insurance Company appeals from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated May 23, 2024. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant Tokio Marine Specialty Insurance Company (hereinafter Tokio Marine), among others, for a judgment declaring, inter alia, that Tokio Marine is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled R.P. v 60 East 196, LLC, commenced in the Supreme Court, Bronx County, under Index No. 815578/21 (hereinafter the underlying action). In the underlying action, an infant, by his mother and natural guardian, and his mother suing derivatively, alleged that the infant sustained personal injuries while he was living at premises owned by the plaintiff. They also alleged that the infant was diagnosed with elevated blood lead levels and lead poisoning due to the presence of lead-based paint at the premises, resulting in serious injuries. The plaintiff allegedly sought coverage related to the underlying action under an insurance policy issued by Tokio Marine, but Tokio Marine denied coverage to the plaintiff. Tokio Marine moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it. The plaintiff opposed the motion. In an order dated May 23, 2024, the Supreme Court denied Tokio Marine's motion. Tokio Marine appeals.
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted 'only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Smith v Bank of N.Y. Mellon, 237 AD3d 1128, 1129, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "On a motion to dismiss for failure to state a cause of action pursuant [*2]to CPLR 3211(a)(7), the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference" (Cassese v SVJ Joralemon, LLC, 168 AD3d 667, 668; see Leon v Martinez, 84 NY2d 83, 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Cassese v SVJ Joralemon, LLC, 168 AD3d at 669; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"In determining a dispute over insurance coverage, we first look to the language of the policy" (Conlon v Allstate Veh. & Prop. Ins. Co., 152 AD3d 488, 490). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (Concordia Gen. Contr. Co., Inc. v Preferred Mut. Ins. Co., 146 AD3d 932, 934 [internal quotation marks omitted]). "The test for ambiguity is whether the provision is 'susceptible of two reasonable interpretations'" (id., quoting State of New York v Home Indem. Co., 66 NY2d 669, 671). "If the terms of a policy are ambiguous . . . , any ambiguity must be construed in favor of the insured and against the insurer" (id. [internal quotation marks omitted]).
Here, the policy expressly stated that coverage will be provided where "the insured becomes legally obligated to pay as a result of a claim for bodily injury or property damage arising out of contamination" if, inter alia, "[t]he contamination first commences: . . . on or after the Retroactive date scheduled onto the policy." It is undisputed that the retroactive date of the policy is November 4, 2020. Contrary to Tokio Marine's contentions, it did not establish that the language of the policy utterly refuted the plaintiff's allegations that the alleged contamination "commenced" within the period alleged in the complaint (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Smith v Bank of N.Y. Mellon, 237 AD3d 1128) or show that a material fact as claimed by the plaintiff is not a fact at all (see Guggenheimer v Ginzburg, 43 NY2d at 275; Cassese v SVJ Joralemon, LLC, 168 AD3d at 669).
Accordingly, the Supreme Court properly denied Tokio Marine's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court